Opinion of the court delivered by
Judge Peck.
Young was indicted in the circuit court of Knox county for murder, and was convicted. Upon the trial, the attorney general, amongst other testimony not necessary to be noticed, gave in evidence the confessions or statements made by the prisoner. The court was called upon to charge the jury, that they were bound to credit the whole of the confessions of the prisoner, or to disregard and reject the whole. The court refused to charge as requested, but stated to the jury, “that the prisoner’s declarations must all be taken together; that a jury ought not to reject a part, and credit a part arbitrarily, or without reason; but if part of such confession was expressly disproved by other testimony, or from the circumstances detailed in evidence, and they were satisfied part of the confessions were true, and part not true, that they were not bound to take as true, that which the evidence showed was untrue; but that they must draw such conclusions from the whole of the facts and circumstances in connection with the confesssions, as they believed the truth of the case warranted.” The question for this court to determine is, whether the above charge is correct?
The jury are the exclusive judges of the evidence; they are to ascertain the facts; but it is for the court to determine what is admissible evidence to be heard by the jury; and in coming to a proper conclusion the court should state the rules in relation to the evidence, the better to conduct the jury to a proper understanding of the facts.
If evidence conflict, and part thereof be inconsistent with other parts, the jury must weigh, and if possible re *293 concile the evidence; if it cannot be reconciled, they must balance one part against another, and after they have done so, it will be for them to say, what part shall be rejected; this they cannot do arbitrarily, but with an eye to get at the truth.
As it may frequently happen that confessions some times cannot be reconciled and all made to stand together, the law does not leave us without rules, by which we maybe enabled to elicit the truth; take the confession made at the same time altogether, reconcile it, if it can be reconciled; if it cannot, then look to the facts and circumstances submitted to the jury, in connection with the confessions, as one whole, and draw deductions accordingly. If in doing this, part of the confession is inconsistent, and will not stand with the rest, who will say it may not be rejected? Evidence is that which makes clear and satisfies the mind; but many times matter is heard which the mind is obliged to reject, and especially in confessions where the whole is to be received.
Testing the charge of the court by these rules, it is free from exception. The prisoner had no right to expect, that if his confessions could not be reconciled and made to stand together, that therefore they should be rejected in toto. If such were the law, the guilty, to escape, would in every instance make inconsistent and irrecon-cileable confessions.
The case of Tipton vs. the State, (Peck’s Rep.) was never intended by me to conflict with the rules here laid down. An examination of what is there said will evince, that the objection to the charge of the court was a strained one. The opinion in the supreme court was predicated on a supposition, that the circuit court in its charge, allowed the jury arbitrarily to reject a part o/ the confession. It is true, I did not at the time that opinion was delivered, so understand the charge of the circuit court, but there were other matters in the case which brought my mind to the same result; and if I did not at the time qualify so much of the opinion, as seems to be inconsistent with the rules laid down in this, it arose from *294 a sense of delicacy towards the eminent judge who delivered it. We are of opinion the judgment of the circuit court ought to be affirmed.
Judgment affirmed.(a)

 Acc. Rex vs. Jones, (12 Com. Law Rep. 292;) Rex vs. Higgins, (14 Com. Law Rep. 476;)Rex vs. Clews, (19 Com. Law Reports, 354.