Totten, J.,
delivered tlie opinion of tlie court.
Tlie prisoner was convicted in the circuit court of Hamilton upon a charge of arson. Ilis motion for a new trial was overruled, to which he excepted, and has appealed in error to this court.
Tlie indictment charges in substance, that the prisoner and Philip Wilson, and Geo. Gideon, unlawfully, feloniously and maliciously set on fire a store house, containing $3,000 worth of goods, and that the whole was consumed.
We are to consider the case as it relates to the prisoner Deathridge.
The errors assigned, relate to the ruling of the court below upon questions of evidence.
The prisoner was arrested by Brown, the prosecutor, aided and assisted by Prior Heal and others, who were with him for that purpose. They brought him to a place designated as the “gate post,” thence to “pin hook,” and thence to “ten mile.” At each of these places confessions were made by the prisoner, and they have been given in evidence against him.
The prosecutor attempted to strike the prisoner with a rock, but was prevented by Heal, who took the prisoner under his protection. . Heal then said to the prisoner: “I have saved you from Brown; you have been telling us lies; you are guilty, and the best policy is to retract, and tell all about it. If you do not, I cannot save you any longer.” They were standing by the “ gate post; ” Brown came up; “ it was said to the prisoner, it was best to tarn State’s witness, and get out of it.” The prisoner then said: *78 “ Gideon, and Wilson come to me the night the house was burnt, and wished me to go with them on a frolic. At first I refused, but at length did go with them to a log heap about a mile from the store house. I remained there ’til Gideón and "Wilson returned. They brought to me a bundle of goods. I do not know' exactly where the goods are, but will tell you as near as I can.”
The party then went with prisoner to the top of a ridge; the prisoner then pointed to a place where the goods would be found. They went -according to his directions, found the goods, and the same were identified by marks and otherwise, as the goods of the prosecutor.
The prisoner was then taken to “ ten mile,” and there being confronted with Gideon and "Wilson, they mutually criminated each other, both as to the arson and the larceny.
Gideon and Wilson said that “prisoner was equally guilty with them; that he had sent for them saying, a good haul could be made.’ ” This, the prisoner denied.
The counsel for the prisoner objected to the evidence, but the same was permitted to go to the jury.
1st. There can be no question but that the evidence was incompetent.
If a confession be free and voluntary; if it appear to proceed merely from a sense of guilt, and not from the influence of hope or fear in any degree, it is competent evidence. Great weight and credit are justly due to a confession of this kind; for we are to presume in the absence of injkienoe <md motive^ a person *79 who is innocent of crime will not confess himself guilty. But if the confession be the result of hope or fear, induced or excited by a person having power over the prisoner, it becomes incompetent; for, in such case, it can have no tendency to prove that the prisoner is guilty of the crime. A person not of strong character, overawed and subdued by a criminal charge, involving the. ruin of himself and all dependent upon him, may, under wbjkbmce, confess himself guilty, when in fact he is innocent.
The law, having regard to its own justice, and the weakness of human character, will exclude any such confession, and permit a confession only when it is of the kind stated. Such is the rule and the reason of the rule on this subject. ' .
Now, to illustrate the rule: If it be said to a prisoner, “it will be better for you, if you do confess,” or, “worse for you if you do ,not confess,” or the like, a confession thereon made will be inadmissible as evidence. 2 East., 659 ; 2 Russel on Cr., 645.
Tn the present case the prosecutor attempted violence on the person of the prisoner’, because he was telling lies by denying- his guilt. -Neal, who had the prisoner in his immediate custody, charges him with the crime, and advises him, as the. better policy, to retract his denial, and confess. A stronger appeal to both the hopes and fears of tire prisoner, could scarcely ever be made. .
Besides, the prisoner confessed under the belief that he - was to be used as a witness- against his accomplices, and thereby escape any punishment for the crime. This, in itself, is a fatal objection to the confession.
*80 2nd. We may observe in the next place, that any confession thereafter made, under the same influences, is liable to the same objection; and it will be presumed that the. same influences continued, until the contrary be made to appear. The onus, in this respect, rests upon the State.
3rd. We have seen that G-ideon and Wilson accused the prisoner, in his presence, saying that he had sent for them, and advised them that “a good haul could be made.” This charge, the prisoner denied; yet it was permitted to go in evidence against him. This was error. If the prisoner had remained silent under the charge, it was competent to go to the jury, as a circumstance, for such inference as the facts attending it might reasonably warrant. But the denial reduced it to a mere charge; and certainly that is no evidence of guilt. If it were so, who could escape, however innocent. Hendrick vs. The State, 9 Humph. R., 723.
4th. Conceding that the confessions were improperly obtained, yet they led to the discovery of goods, supposed to be taken from the store .when it was on fire.
On this subject, the rule is, that so much of the confession as relates strictly to the fact discovered by it, may be given in evidence; for the reason of rejecting extorted confessions, is the apprehension, that the prisoner may have been induced to say what is false; but the fact discovered shows that so much of the confession as immediately relates to it is true. Russell on Cr., 651.
It was competent to prove that the prisoner stated or pointed out the place where the goods might be found, and that the goods were found at the place *81 indicated by Mm. That is all of the confession, in snch case, that is competent; and it becomes so only from the fact, that its truth is verified by the discovery of the goods. But if the prisoner had stated at the same time, that he had taken the goods from the burning house, and put them -there, that muild be incompetent as evidence; it being part of the extorted or improper confession before alluded to. Certainly, the fact that the prisoner knew where a portion of the goods were deposited, if unexplained, is a strong circumstance against him, from which inferences may be drawn; but it is not to be aided by the admission, in any degree, of extorted and illegal confessions.
The judgment is reversed,- and a new trial granted to the prisoner. He will be remanded to the court below for that purpose.
Judgment reversed.