Francisco Espitia *v.* State of Tennessee.

(*Nashville,* December Term, 1955.)

Opinion filed March 9, 1956.

L. E. Gwinn and C. P. J. Mooney, both of Memphis, for plaintiff in error.

Knox Bigham, Assistant Attorney General, for the State.

MR. JUSTICE BURNETT delivered the opinion of the Court.

The plaintiff in error was indicted, tried and found guilty of the homicide of Mary Elizabeth Warren. The jury fixed the grade of the homicide as murder in the first degree and inflicted a punishment of 30 years' imprisonment. He has seasonably appealed, briefs have been filed and arguments heard. We now have the matter for determination.

A number of errors are assigned. After having read the record, the briefs, the authorities cited in the briefs and others, we have concluded that at the present time the sixth assignment of error must be sustained. The sustaining of this assignment of errors of necessity demands that we make no comment in reference to the facts or other questions herein raised because as we see it under this assignment of errors the cause must be reversed and remanded for a new trial.

The sixth assignment is to the Court's charge with reference to the weight to be given to plaintiff in error's

confession. The portion of the charge complained of in this regard is as follows:

"The Court instructs the jury that if oral or written statements voluntarily made by the defendant have been proven in this case, you may take them into consideration, with all the other facts and circumstances proven.

"What the proof may show you, if anything, that this defendant has said against himself, the law presumes to be true, but anything that he has said in his own behalf, you are not obliged to believe, but you may treat the same as true or false when considered with a view to all other facts and circumstances in the case.

"In statements made at the time of arrest, you may take into consideration the condition of the mind of the prisoner owing to his arrest, and whether he is influenced by motives of hope or fear to make the statements."

The portion of this charge complained of is the middle paragraph above. The gravamen of the attack on the charge is the phrase "the law presumes to be true, * * *." By the use of the word "presumes" the law requires a deduction by the trier of fact. *Camper v. State*, 187 Tenn. 511, 216 S. W. (2d) 18. Then too, the obvious reading of the context of this charge or portion of the charge is to the effect that the jury must believe anything that the defendant has said against himself to be the truth while anything else that he said they are not obliged to believe but may take it as true or false depending on whatever view they take of the matter. The general rule on the subject is stated in 20 Am. Jur., Sec. 488, p. 425, to be:

"When a confession is admissible, the whole of what the accused said upon the subject at the time of making the confession is admissible and should be taken together; and if the prosecution fails to prove the whole statement, the accused is entitled to put in evidence all that was said to and by him at the time which bears upon the subject of controversy including any exculpatory or self-serving declarations connected therewith. *It is for the jury to say what weight shall be given to the several parts of the statement, for they may well believe that part which charges the prisoner, and reject that which tends to exculpate him.*" (Emphasis ours.)

And again at page 1080 in Sec. 1227 the same author says:

"The weight of a confession is always to be determined by the jury; and where the confession is admitted, the jury must consider it in the light of all the surrounding circumstances and in connection with all the other evidence in the case."

Among the many notes cited as authority for this statement is a comparatively recent annotation on it in 167 A. L. R. at page 390. Wharton on Criminal Evidence, Sec. 644, page 1078 is to the same effect as is 23 C. J. S., Criminal Law, Sec. 1233, page 798.

 Thus when the court charges the jury that they must believe or it is the law that whatever a man says against himself in a confession is true but the other things are not necessarily so, this, it seems to us to a great extent, invades the province of the jury as to what weight that body should give to the testimony. Thus such an instruction should not be given in view of our constitutional inhibitions, Tennessee Constitution, Art. 6, Sec. 9, in this State against telling the jury what weight

they should give specific facts. Under this instruction a jury is arbitrarily told to take a part of the confession as true while they may reject another part. In confessions or statements of the kind voluntarily made by the accused the jury must take the whole of this statement or confession and weigh it as they weigh the other evidence, rejecting some part if they desire to do so and giving credit to other parts of the statement if they have a sufficient reason to do so under all the evidence as it is introduced. Of course it is a general rule, and based on good reason, that an accused may offer proof to contradict a confession and these things are things for the jury to weigh. See American Jurisprudence, supra.

This Court in its very early history reached this same conclusion in *Tipton* v. *State,* 7 Tenn. 308. The principle was again reaffirmed in *Young* v. *State,* 10 Tenn. 292. The Court then again some forty years later followed the cases last cited in *Crawford* v. *State,* 44 Tenn. 190, where at page 194 it was said:

"But, if, after the whole statement is given in evidence, the prosecutor can contradict any part of it, he is as liberty to do so; and then the whole testimony is left to the jury for their consideration, precisely as in other cases where one part of the evidence is contradictory to another; for, it is not to be supposed that all the parts of a confession are entitled to equal credit.

"The jury may believe that part which charges the prisoner, and reject that which is in his favor, if they see sufficient grounds for doing so. If what he said in his own favor is not contradicted by evidence offered by the prosecutor, nor improbable in itself, it will naturally be believed by the jury, and they are not authorized arbitrarily to reject it; but

still, they are not bound to give it weight on that account, but are at liberty to judge of it like other evidence, by all the circumstances of the case; 1 Greenleaf's Ev., Sec. 218.''

In *Shipp* v. *State*, 128 Tenn. 499, 161 S. W. 1017, the trial court had done, to all intents and purposes, what this instruction does, directed a verdict on a confession of guilt under a plea of not guilty. This Court held it reversible error and that the confession as a whole was for the jury.

We have read many cases on the subject, all of which are of similar import. Many of these cases may be found in the notes to the text above cited. We see no reason to refer to any of them. This question is not too foreign to the question considered by this Court in *Camper* v. *State*, supra [187 Tenn. 511, 216 S. W. (2d) 19]. In the Camper case the trial court charged the jury that;

"where one is accused of a crime and makes no denial thereof, when he has opportunity to do so, a presumption of guilt arises from his failure to make a denial of the charge."

This Court in an opinion by the present Chief Justice reversed and remanded that case on account of that charge because the Court felt that it was prejudicial error. The reasoning back of the Camper case is not foreign and cannot be considered foreign to the reasoning back of why the charge in the instant case is erroneous and prejudicial. In the Camper case the jury were told that if one kept silent a presumption of guilt would arise and in this case the jury were told that if one makes a statement which is against him "the law presumes to be true." The analogy between the two seems obvious.

The State cites as authority for its argument that this instruction is not erroneous the case of *Deathridge*

v. *State*, 33 Tenn. 75. This opinion is not authority for that position. The State does say:

"But even if this instruction be erroneous, it is not prejudicial and therefore no ground for reversal."

This question has given us much concern. After reading the record we have concluded that under the facts and circumstances of the instant case that this error does become reversible error and not such an error as the Harmless Error Statute, Williams' Code, Sec. 10654; T. C. A. Sec. 27-117, would take care of. This question of harmless or reversible error depends on the facts and circumstances of each case. In many cases the charge would be harmless.

The conviction, as is said in the outset, is for murder in the first degree and is based mainly upon the admissions made by the plaintiff in error soon after the homicide. This statement begins (after the officers who took the statement had told the plaintiff in error of his rights, etc.):

"Q. With this understanding do you care to answer my questions truthfully and to the best of your knowledge of the death of Mary Elizabeth Warren? A. Yes.

"Q. Franciso I will ask you at this time, did you stab Mary Elizabeth Warren in her apartment on Saturady night, July 24, 1954, or early Sunday morning, July 25, 1954? A. Yes.

"Q. Francisco, will you tell me how many times that you stabbed Mary and what kind of weapon did you use? A. I don't know exactly what kind of knife it was it was in the dark, it was big, and I stabbed her twice.

"Q. Francisco, you just state that you stabbed

Mary twice, where did you stab her? A. I don't know because I stabbed her in the dark.

"Q. Francisco, after you stabbed Mary, will you tell me what you did with the knife? A. After I stabbed her and I saw that she was dead, I placed her arms on her chest and placed the knife in her hand on her chest."

Then several other questions follow and finally the questions asked him to state what caused him to stab her. The plaintiff in error then goes on into a long rambling statement of some four or five typewritten pages of their goings on over the time that they lived together and on the night in question. Among other things in this long rambling statement he says:

"and anyhow I turned the lights off in the kitchen and she layed back on the couch and I seen the glitter of something that looked like a knife and I took it away from her and it seemed like I was forced to stab her, because when she got mad and angry like that she was like a wild cat. After I stabbed her I got panicky and got my bag and ran out the door and put it in the car and I noticed that I didn't have my keys and I had locked myself out and I tried to get in the side window and couldn't and I went to the front window and cut the screen. * * *"

There are some possible statements in this long rambling answer here to the question, which we have last been referring to, that possibly could be considered by the jury as exculpatory.

At the trial the plaintiff in error takes the witness stand and through questioning from his counsel and on cross examination by the able District Attorney he in effect and to a much greater detail goes over and says about the same thing that he said in this statement. In

this testimony that he gives before the jury he does though try to a great extent to exculpate himself from at least any premeditation in committing the act.

We have quoted these things from the record because in the argument to the jury, with the statement before them, it is very easy for the District Attorney to argue that here that he has made these positive statements of the commission of these acts and that under the law as the court would charge them these things must be true, and then try to discount anything else that was said in the statement. It is for this reason and in view of the fact that this case depends primarily and to all intents and purposes on the confession or statement in the outset that we think that the giving of the charge as here given constitutes reversible error. Probably the court could leave out the center paragraph of the three paragraphs we have copied from the charge and the charge would be sufficient but with the charge as given it seems to us that it is error and for this reason the case is reversed and remanded for a new trial.

PREWITT, Justice, does not concur.