FURMAN JUNIOR GROOMS, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

450 S.W.2d 805.

Court of Criminal Appeals of Tennessee. Dec. 1, 1969.

Certiorari Denied by Supreme Court Feb. 16, 1970.

Ben W. Hooper, II, Newport, for plaintiff in error.

George F. McCanless, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, H. F. Swann, Dist. Atty. Gen., Dandridge, for defendant in error.

## OPINION

HYDER, Judge.

This is an appeal of a conviction for forgery of a forty dollar check and resulting sentence of one year to five years in the penitentiary.

The defendant has filed three assignments of error:

1. There is no evidence to support the verdict of the jury.

2. The evidence preponderates in favor of the innocence of the defendant and against the verdict of the jury.

3. There is no corroborating evidence to support the testimony of the alleged accomplice of the de-

fendant, C. E. Painter, who testified against him and therefore the conviction of the defendant cannot stand on the uncorroborated testimony of an accomplice.

The check alleged to be a forgery and upon which the indictment in this case is founded was attached to the indictment. The check was drawn by E. C. Webb on the National Bank of Newport, dated Aug. 5, 1968, payable to C. E. Painter, and is in amount of $40.00. It is there shown to be endorsed by C. E. Painter, and, by an ink stamp, "For deposit only in Merchants & Planters Bank, White Store No. 31, Newport, Tenn."

The first witness for the State, Bill Eldridge, was employed by White Stores in Newport. He testified that he cashed a forty dollar check on August 5, 1968, giving the money to C. E. Painter, and that the bank returned the check marked "forgery," and that he had not been able to get in touch with C. E. Painter. After Mr. Eldridge left the witness stand the District Attorney General requested that he be permitted to introduce the check as EXHIBIT NO. 1 to Mr. Eldridge's testimony, and the trial judge allowed him to do that.

The State used C. E. Painter as a witness for the prosecution, and he testified that Junior Grooms wrote out the check while they were in the parking lot at the White Store. Painter said that he took the check in and cashed it, and that he gave the money to Junior Grooms.

This check and seven other writings were sent to the office of the Federal Bureau of Investigation in Washington for handwriting analysis. Five of the writings were shown to be that of Furman Junior Grooms by the testi-

mony of Agent Jim Waldrop, of the Tennessee Bureau of Identification.

Joel S. Lester, Special Agent of the Federal Bureau of Investigation, and a qualified specialist in handwriting analysis and comparison, testified that he examined all of the eight writings in the Bureau laboratory in Washington, and that they were all the writings of one person so far as comparison was concerned.

In Tennessee it has been held repeatedly that a defendant may not be convicted upon the uncorroborated testimony of an accomplice. Where the testimony of an accomplice is depended upon the sufficiency of the corroborating evidence will depend upon the facts of that particular case. Stanley v. State, 189 Tenn. 110, 222 S.W.2d 384; Williams v. State, 216 Tenn. 89, 390 S.W.2d 234.

In his instructions to the jury, the trial judge charged them correctly on the law dealing with the testimony of an accomplice and the requirement of corroboration.

It has been held in Winfree v. State, 174 Tenn. 72, 123 S.W.2d 827, that slight circumstances may be sufficient to furnish the necessary corroboration of an accomplice.

In the instant case there is certainly more than slight corroboration of the testimony of the accomplice, C. E. Painter. Mr. Eldridge, who cashed the check, corroborated him. Also, the Special Agent of the F. B. I., who testified that the eight writings, five known to have been made by defendant, were all the writings of one person, is corroboration that the check was written by the defendant.

■ There was certainly ample proof introduced in this case to justify and support the verdict of the jury. The evidence, direct and circumstantial, all tended to prove guilt. It was not contradicted, the defendant merely says that it preponderated in favor of his innocence. The defendant did not offer any proof.

■ We are not permitted to reverse a conviction upon the facts unless the evidence clearly preponderates against the verdict of the jury and in favor of the innocence of the accused. Gulley v. State, 219 Tenn. 114, 407 S.W.2d 186; McBee v. State, 213 Tenn. 15, 372 S.W.2d 173. The defendant has failed to show that the evidence clearly preponderated against the verdict, and we do not believe that it did.

We find the assignments of error without merit, and we overrule them.

We find in our review of this case that the trial judge, in imposing sentence, said:

"* * * and that the said defendant, Furman Grooms, be rendered infamous, and incapable of giving evidence in any of the Courts of this State, * * *"

The conviction was for forgery, and is an offense included in TCA § 40-2712, which sets out the effect of the infamy judgment.

■ It is clear to us that disfranchisement under our present statute does not render a person incapable of testifying in any court, but it is a fact which may be considered as to his credibility. It follows that so much of the judgment and sentence in this case which renders the defendant incapable of giving evidence in any of the

Courts of this State is erroneous, and it is stricken from the judgment.

This Court is authorized to modify the judgment of the trial court by vacating the erroneous portion indicated. Griffin v. State, 109 Tenn. 17, 70 S.W. 61; Brown v. State, Tenn.Cr.App., 441 S.W.2d 485.

We find no other error, and, as modified herein, the judgment and sentence of one year to five years in the penitentiary is affirmed.

WALKER, P. J., and MITCHELL, J., concur.