ROBERT HARRIS AND JOHN DARNELL v. THE STATE.

CRIMINAL LAW. *Evidence. Accomplices. Accessaries.* On an indictment for robbery, objection was made to the competency of the State's witnesses, because they had received a part of the stolen goods, and it was claimed that the jury should not credit their testimony unless corroborated in one or more material facts, as they would in such case be accomplices after the fact. *Held*, that the witnesses, as principals, were guilty of a substantive crime, if any, of receiving stolen goods or compounding a felony, and not having been indicted for these or other offenses, and being neither accomplices nor accessaries, they were competent witnesses, and the jury could weigh their evidence and give it such weight as they thought it entitled to.

FROM HENRY.

Appeal in error from the Circuit Court of Henry county. C. ADEN, J.

WILLIAMS & PORTER for Harris.

ATTORNEY-GENERAL LEA for the State.

DEADERICK, C. J., delivered the opinion of the court.

The prisoners were convicted of robbery and sentenced to eight years confinement in the penitentiary, and have appealed to this court.

The reversal of the judgment is sought upon the ground that the conviction was had upon the uncorroborated evidence of Dock Moore and Houston Moore, who are alleged to have been accessaries after the fact, or accomplices in the offense.

The facts are, substantially, that Thomas, the prosecutor, lived in a house alone, and took his meals at a house a quarter of a mile distant. While gone to his supper in December, 1879, two persons broke into his house through a window, and upon his return between seven and eight o'clock at night, and on his entering his house, they seized him, choked and held him, and took by violence his pocket-book from his person, containing about $250 in money, and fled. It was dark and he was unable to identify either of the persons.

Dock and Houston *Moore* tell substantially the same story,—that on the evening of the robbery the prisoners proposed to rob the prosecutor, as they had no money for Christmas; they discouraged the proposition, and supposed it was made in jest, but that night the prisoners returned, and said they had robbed him and got $250, and subsequently gave to each of the Moores thirty dollars, threatening them if they told it. One twenty dollar bill was given to one of the Moores and by him passed off, and subsequently identified as one of the bills of which the prosecutor had been robbed. The other Moore also passed off some small amount of the money given to him. The residue of what they received was, however, restored by them to the prosecutor.

The court charged the jury, if they found that the Moores received a part of the money knowing it to have been stolen, they should not credit their testimony unless corroborated in one or more material facts, as they would in such case be accomplices after

the fact.    Assuming this charge to be correct, it is insisted the Moores were not corroborated in any material fact tending to show that the prisoners were the persons who committed the offense.    There was evidence to show that the prisoners were in that vicinity, and next day had money, and one of them, under some excitement, procured a relative to change a ten dollar bill for him, saying he was going to be married, and requested his relative to say nothing about it.

An accessary after the fact is usually defined to be one who, knowing a felony has been committed, shields or assists the felon to enable him to elude punishment:    Bouv. Law Dict., 44;  1 Bish. Cr. L., sec. 634.

An accomplice is one who is associated with others in the commission of a crime, all being principals, although the term is sometimes used to include all the participants in a crime, whether as principals or accessaries:  1 Bouv. Law Dict., 21, citing 1 Russ on Cr., 26.

The witnesses (Moores), under the strict legal definition, were not accomplices, as there is no evidence of their participation in the robbery.

An accomplice may be a witness:  1 Gr. Ev., sec. 379.    An accessary is not competent to testify for his principal:  1 Gr. Ev., sec. 407.

Mr. Bishop says "the books are not clear upon the question of when a man becomes an accessary to another's felony, and when he commits a substantive crime," but adds, there are cases in which he may be

Harris v. The State.

held either way: 1 vol., sec. 635. And in sec. 638 he says: "A receiver of stolen goods knowing them to be stolen, is not within our definition of an accessary, because he renders no personal aid to the principal felon." And our own court has held that "a receiver of stolen goods is guilty of a substantive felony, as principal, and not as an accessary after the fact, to the stealing": 2 King's Dig., 657, citing 9 Yer., 338; 5 Cold., 39.

If the Moores were guilty of any offense, it was the substantive crime of receiving stolen goods, or for compounding a felony. But they were not indicted for this or other offense, and being neither accomplices nor accessaries, they were competent witnesses, and the jury could weigh their evidence and give it such weight as they thought it entitled to. Undoubtedly their credibility might be greatly impaired by their own statements of their connection with the parties, and receiving and using the money, which they knew was stolen; still, the prisoners have had the full benefit of this impeachment of their credibility, in the charge of the court, that the jury should not believe them unless corroborated in one or more material facts.

The jury, notwithstanding, have believed them, and we cannot say that they were not warranted in so doing. The circuit judge was satisfied with the finding, and the judgment will be affirmed.