Aulty Godsey *v.* The State.

*(Nashville.* December Term, 1930.)

Opinion filed June 10, 1931.

E. A. Lankford, for plaintiff in error.

J. W. Cooper, Assistant Attorney-General, for defendant in error.

Mr. Justice Chambliss delivered the opinion of the Court.

The appeal is from a conviction for driving a motor vehicle on the public highway while under the influence of an intoxicant and a sentence assessing a fine of $50 and prohibiting him from driving an automobile for twelve months. The evidence clearly supports the verdict of guilty, but the assignments of error raise several questions of law.

It is said that Chapter 87 of the Acts of 1929, to regulate the operation of motor vehicles upon the streets and highways of Tennessee, is unconstitutional because

the act is broader than the caption, in that, while the caption is limited to the streets and highways of Tennessee, the first section provides that it shall be unlawful for any person to drive a motor vehicle while under the influence of an intoxicant anywhere "in the State of Tennessee,"—the materiality of this insistence being rested on the assumption that the indictment under which the conviction was had rests on this provision of the Act of 1929. It appears that this objection is applicable also to Section 3 of the Act, dealing with the matter of the speed rate.

Consistently with the emphasis given in the opinion of this Court in *Daniels* v. *State,* 155 Tenn., 549, on the distinction between the provision contained in Section 1 of Chapter 21 of the Acts of 1917, and that found in Section 1 of Chapter 117 of the Acts of 1925, with respect to the place of the offense, we are constrained to hold that the language of Section 1 of the Act of 1929 reading, "in the State of Tennessee" is broader than the language in the caption of said act "upon the streets and highways of Tennessee."

In *Daniels* v. *State,* it was said that the Act of 1917 "made it a misdemeanor to drive an automobile anywhere in the State of Tennessee while under the influence of intoxicating liquor. It applies to a highway or a private way, or to woodland or farm land." The Court proceeded to hold that the limitation in the Act of 1925 to driving on a highway "where the danger to life and property is much greater," and increasing the punishment inflicted under these conditions, was significant of an intent to deal differently with the offense when committed on a highway. In this view it is held that the Act of 1925 operated as an amendment by implication of the

Act of 1917, "to the extent of prescribing different punishment where the offense is committed upon a public highway."

█ Having thus given great weight to the difference in the language found between that contained in the caption of the Act of 1929, and that in the first Section of that Act, we are constrained to hold the language in the body of the act broader than that in the caption, and that it does not meet our constitutional requirements. (Sec. 17, Art. 2.) It results that the law prohibiting driving while drunk is left as it was declared by Chapter 21 of the Acts of 1917, as amended by Chapter 117 of the Acts of 1925. The indictment in the instant case may properly be referred to these acts, charging as it does that the said Aulty Godsey "did unlawfully drive an automobile and motor driven vehicle upon the public highways of the State of Tennessee, and in Putnam County, at a time when he, the said Aulty Godsey, was under the influence of an intoxicant, and while in a drunken, or partly drunken, condition, against the peace and dignity of the State." This is the identical offense proscribed by the Act of 1917, as amended by the Act of 1925.

█ Upon being arraigned, the defendant below interposed a plea of former conviction, setting up that he had been arrested for public drunkenness and fined by a Justice of the Peace, and that the two prosecutions were based upon identical facts and transactions. The plea was stricken by the trial Judge. It is conceded by counsel, in effect, that unless the indictment in the instant case is rested on the Act of 1929, by which Act (Sec. 19) it is said that jurisdiction is conferred upon Justices of the Peace, the plea is not good under our recent hold-

ings in *Bowman* v. *State,* 160 Tenn., 305, and *Harris* v. *State,* 160 Tenn., 398. In view of what has already been said with respect to the Act of 1929, its unconstitutionality and non-applicability, this assignment must be overruled.

It appears that upon the return of the verdict of guilty by the jury the judgment of the Court was that the defendant pay a fine of $50 and be prohibited from driving an automobile for twelve months, being guilty of violation of the Act of 1917, as amended by the Act of 1929. No fine was assessable, the statute providing for imprisonment in the County Work House for not less than thirty days, nor more than six months, but for no fine. This judgment may be corrected in this Court by imposing the minimum punishment prescribed by statute (*Cowan* v. *State,* 117 Tenn., 247, and *McCampbell* v. *State,* 116 Tenn., 98), which in this case is confinement in the County Work House for thirty days, and that the defendant be prohibited from driving a car for twelve months. The judgment so corrected is affirmed.