STATE OF TENNESSEE

*v.*

WILLIAM G. ODOM

(*Knoxville,* September Term, 1955)

(May Session, 1956.)

Opinion filed June 8, 1956.

232

W. CORRY SMITH, District Attorney General, RAYMOND A. GRAHAM, Special Prosecutor, Chattanooga, for State.

G. W. CHAMLEE and G. W. CHAMLEE, JR., Chattanooga, for Odom.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

The jury found Odom guilty of murder in the first degree and fixed his punishment at confinement in the penitentiary for a period of ninety-nine years, sections 39-2404 and 39-2405 T.C.A. He moved for a new trial. After a hearing thereon, the Trial Judge entered judgment reducing the grade of the homicide to murder in the second degree, and fixed punishment at confinement in the penitentiary at "not less than ten nor more than twenty years". The State moved for a new trial, assigning as two of its reasons that (1) the Trial Judge is without authority to enter such order or take such action, and (2) such action deprived the State of its constitutional right to have the jury determine the issue. This action was overruled, and the State's prayer for an appeal to this Court was denied. Accordingly, it has presented the questions stated by petition for *certiorari*. The writ was granted with an order to place it on the docket for argument, etc. All that has been done.

 Odom's first insistence is that this Court is without authority to consider this petition because section 40-3403 T.C.A. provides that:—"The state has no right of appeal or other remedy for the correction of errors, upon a judgment of acquittal in a criminal case of any grade."

Aside from the fact that there has been no judgment of acquittal in this case, the code section just mentioned does not have the effect of preventing the State from presenting to this Court the question of whether the Trial Judge exceeded his jurisdiction or acted illegally in that which he did, the State's prayer for an appeal having been denied, section 40-3401 T.C.A. notwithstanding.

 Section 27-801 T.C.A. provides that the writ of *certiorari* may be granted in all cases where an inferior

tribunal exercising judicial functions has exceeded its jurisdiction or acted illegally, provided there is no other plain, speedy or adequate remedy. The State's prayer for an appeal having been denied, it has no other plain, speedy or adequate remedy.

The Trial Judge, in taking the aforementioned action, said that he was doing so upon the authority of *Forsha v. State,* 183 Tenn. 604, 194 S.W.2d 463, and *Waldie v. State,* 190 Tenn. 537, 230 S.W.2d 993. In each of those cases plaintiff-in-error was convicted of murder in the first degree. This Court reduced the grade to murder in the second degree, and fixed the maximum punishment at the minimum fixed by the statute for second degree murder.

The Court in those two cases, in fixing the maximum punishment at the minimum allowed by statute for the offense involved, had in mind, of course, that unless its maximum punishment is fixed at the minimum allowed by statute there would be a violation of defendant's statutory right to have the jury determine the amount of the punishment. Where maximum punishment so fixed is the minimum which the jury is allowed to fix under the statute, the defendant could not, of course, complain.

The State, in its answer to Forsha's petition to rehear, expressly approved the action of this Court in reducing the grade, and called attention to *Corlew v. State,* 181 Tenn. 220, 180 S.W.2d 900. It does not affirmatively appear in the Waldie case opinion that the reduction was made on condition that the State consent. The requirement of this condition is so plainly stated in *Corlew v. State,* 181 Tenn. 220, 230, 180 S.W.2d 900, as to necessitate the conclusion that it was assumed in the Waldie

case without being mentioned. But that assumption apparently misled the Trial Judge in the present case.

██ In *Corlew v. State,* supra, this Court, in reducing the grade of the offense for which Corlew had been convicted, held, 181 Tenn. at page 230, 180 S.W.2d at page 903:

"* * * the State has an equal right with the defendant to have the jury fix the term of imprisonment. Since the State may feel that upon reversal and new trial a verdict might be obtained on conviction of defendant for petit larcency properly fixing his imprisonment at a longer term than the minimum of one year provided by statute, we feel that the action heretofore indicated should not be taken except upon the State's consent. If, therefore, the State will accept a remittitur of this sentence to a sentence of one year as for petit larcency, a judgment will be entered accordingly. Otherwise the case will be reversed and remanded for a new trial."

In the instant case the State did not consent. To the contrary, it objected strenuously. In this situation, the holding in the Corlew case is conclusive against the action taken by the Trial Judge and necessitates an adjudication that his action in reducing the degree of unlawful homicide from that found by the jury is illegal.

██ In the course of the proceedings following the respective motions for a new trial, the Trial Court, in explaining the action taken by him, said that he, "sitting as the 13th juror, was not satisfied that this case contained the elements necessary to constitute murder in the first degree, and accordingly reduced the grade of the offense to murder in the second degree and sentenced the defendant to the minimum of ten years". Such being

the Trial Court's conclusions about the matter, the limit of his authority, and his duty within the premises; was to grant Odom a new trial. This will be done.

Judgment will be entered in this Court (1) adjudging illegal, and setting aside, the judgment of the Trial Court reducing the degree of homicide committed by Odom and found by the jury to be unlawful, to a degree lower than that of which the jury found Odom to have been guilty, (2) granting Odom's motion for a new trial and remanding the cause for further proceedings consistent therewith. All costs incident to this petition for *certiorari* will be adjudged against Odom.