MARVIN GANN, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

452 S.W.2d 685.

Court of Criminal Appeals of Tennessee. Dec. 1, 1969.

Certiorari Denied by Supreme Court March 16, 1970.

Carter Schoolfield, Chattanooga, for plaintiff in error.

George F. McCanless, Atty. Gen., Arnold Peebles, Jr., Asst. Atty. Gen., Nashville, Gerald H. Summers, Asst. Dist. Atty. Gen., Chattanooga, for defendant in error.

## OPINION

HYDER, Judge.

Marvin Gann was convicted of burglary in the third degree and sentenced to three to five years in the penitentiary. His appeal of this judgment is properly before this Court.

The Perry Smith Company, in Chattanooga, was burglarized during the night of December 20, 1967, and forty eight company checks were stolen.

Betty Jean Rush, age twenty one, testified that she first met the defendant on January 11, 1968, and that at the time he told her that if she had some identification he would help her make some money. She said that two days later, on the 13th, he came and picked her up, and he had Pearl McFalls, Ella Mae McFalls and Adam McFalls with him. On this day, she testified, the defendant had twenty one checks all made out. She said that she and Ella Mae McFalls went with the defendant to Cleveland where she cashed a check for $86.47 at the White Store Supermarket. She said that Ella Mae McFalls cashed one check at a little store in East Chattanooga. When she tried to cash a check at a supermarket in Jasper, Tennessee, she was caught, and charges were brought against her for cashing forged checks.

Ella Mae McFalls, age eighteen, testified that she met the defendant the same time that Betty Jean Rush met him, that he asked her if she wanted to go to California and if she was afraid to cash some checks. She then testified about the trip to Cleveland, East Chattanooga and Jasper, and said that she cashed a check at B. & W. Grocery in East Chattanooga. From the proceeds she purchased a bus ticket to California for $64.95, and she went out there to see her husband. She said that she gave the rest of the money to the defendant.

The checks were identified as being part of those taken in the burglary. There was testimony in the record from personnel in the stores which cashed the checks, and from the manager of the store in Jasper where Betty

Jean Rush was apprehended trying to cash one of the checks. Both of the girls were identified.

At the conclusion of the State's proof the defendant moved for a directed verdict on the theory that the two State witnesses, Betty Jean Rush and Ella Mae McFalls, were accomplices, that the prosecution's case is based entirely upon their testimony, and that there is not sufficient corroboration of their testimony to sustain a finding of guilt. The defendant did not offer any proof.

The only assignment of error is: "The Court erred in directing a verdict because there was no evidence introduced in this cause other than the testimony of the accomplice, that the plaintiff in error in any way participated in the crime." It is apparent from the brief filed by the defendant that counsel intended to begin the assignment by: "The Court erred in *not* directing a verdict * * *"; because the trial court did refuse to direct a verdict of not guilty, and this is the claimed error in his motion for a new trial and is the sense of his brief.

There is ample evidence to sustain this conviction if the two witnesses, Betty Jean Rush and Ella Mae McFalls, are not accomplices and thus need not be corroborated. It is our opinion that the two witnesses were not accomplices of the defendant in the offense of burglary.

The subject of corroboration of testimony of an accomplice and a discussion of accomplices is found in two annotations in 9 A.L.R. 1397, and 111 A.L.R. 1398. It appears to be agreed that in the majority of jurisdictions which have passed on the question, the rule is that a thief is not an accomplice of one subsequently receiving the stolen goods, and, vice versa, the receiver is not an ac-

complice of the thief, within the rule requiring corroboration of the testimony of an accomplice.

> "The general test to determine whether a witness is or is not an accomplice is, could he himself have been indicted for the offense either as principal or as accessory? If he could not, then he is not an accomplice." State v. Lawlor, 28 Minn. 216, 224, 9 N.W. 698, 702.

> "A person who steals property and one who afterwards receives it from him, knowing it to have been stolen, are guilty of separate offenses, and without more neither is an accomplice of the other." State v. Gordon, 105 Minn. 217, 117 N.W. 483, 15 Ann.Cas. 897.

The subject was dealt with in an opinion of our Supreme Court which is cited in annotations: Harris v. State, 75 Tenn. 124. In that case Robert Harris and John Darnell were convicted of robbery. Dock Moore and Houston Moore were State witnesses, and they testified that the defendants proposed to them that they rob a man named Thomas so that they could get money for Christmas. Both of the Moores discouraged the robbery, but the defendant did carry out the robbery and got about $250.00 from Thomas. They subsequently gave to each of the Moores thirty dollars of the money and threatened them if they told it. Part of the money was spent by the Moores and the rest they gave back to the prosecutor. The trial court charged the jury, if they found that the Moores received a part of the money knowing it to have been stolen, they should not credit their testimony unless corroborated in one or more material facts, as they would in such case be accomplices

after the fact. It was insisted that there was not sufficient corroboration of the Moores testimony.

In affirming the judgment, the Court said:

"An accomplice is one who is associated with others in the commission of a crime, all being principals, although the term is sometimes used to include all the participants in a crime, whether as principals or accessories: 1 Bouv.Law Dict., 21, citing 1 Russ on Cr., 26."

"'The witnesses (Moores), under the strict legal definition, were not accomplices, as there is no evidence of their participation in the robbery."

"If the Moores were guilty of any offense, it was the substantive crime of receiving stolen goods, or for compounding a felony. But they were not indicted for this or other offense, and being neither accomplices nor accessories, they were competent witnesses, and the jury could weigh their evidence and give it such weight as they thought it entitled to. Undoubtedly their credibility might be greatly impaired by their own statements of their connection with the parties, and receiving and using the money, which they knew was stolen; still, the prisoners have had the full benefit of this impeachment of their credibility, in the charge of the court, that the jury should not believe them unless corroborated in one or more material facts."

In the instant case Betty Jean Rush and Ella Mae McFalls did not know the defendant at the time of the burglary. They met him three weeks later, and it was then that he sought to get them to cash some of the checks. Neither of them could have been indicted for the

offense of burglary, either as principal or accessory, and they were not accomplices of the defendant within the rule requiring corroboration of their testimony. They were guilty of separate offenses; receiving stolen property, knowing it to be stolen; or cashing or attempting to cash forged checks. The assignment of error is overruled.

The verdict, approved by the trial judge, accredits the testimony of the State's witnesses, resolves all conflicts in favor of the State and establishes the State's theory of the case. We are not permitted to reverse a conviction upon the facts unless the evidence clearly preponderates against the verdict of the jury in favor of the innocence of the accused. Gulley v. State, 219 Tenn. 114, 407 S.W.2d 186; McBee v. State, 213 Tenn. 15, 372 S.W.2d 173. The defendant has not shown that the evidence clearly preponderates against the verdict.

We believe, after a study of this record and much reflection, that the verdict and judgment in this case are in accord with the law of this State and that the defendant has not been deprived of any of his rights. We find no error, and the judgment is affirmed.

WALKER, P. J., and MITCHELL, J., concur.