**Leroy MARSHALL and Albert Helton, Plaintiffs in Error,**

**v.**

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

May 3, 1973.

Certiorari Denied by Supreme Court June 18, 1973.

Edward F. Hurd, William M. Leibrock, Newport, for plaintiffs in error.

David M. Pack, Atty. Gen., William C. Koch, Jr., Asst. Atty. Gen., Nashville, H. F. Swann, Dist. Atty. Gen., Dandridge, for defendant in error.

## OPINION

OLIVER, Judge.

The joint indictment upon which Marshall and Helton were tried and convicted contained four counts charging them (1) with burglarizing the dwelling house of Dr. Drew Mims in the daytime with the intent to commit larceny, (2) with larceny of money and guns and watches belonging to Dr. Mims, (3) with fraudulently buying and receiving the same property with intent to deprive the true owner thereof and knowing that it had been stolen, and (4) with concealing the same property with like intent and knowledge. The jury convicted Marshall of second degree burglary and grand larceny, and convicted Helton of "aiding and abetting" and of concealing stolen property, and fixed the punishment of each of them at two five-year sentences. In pronouncing judgment, the trial court sentenced Marshall to imprisonment in the penitentiary for not less than three nor more than five years for grand larceny, and sentenced Helton to imprisonment in the penitentiary for not less than three nor more than five years for "aiding and abetting in receiving stolen property over the value of $100.00."

■ A settled principle of law in this State is that, in case of conflict between the Minutes and the Bill of Exceptions in such matters, the record recited in the Bill of Exceptions is controlling. Church v. State, 206 Tenn. 336, 333 S.W.2d 799; Helton v. State, 195 Tenn. 36, 255 S.W.2d 694; Percer v. State, 118 Tenn. 765, 103 S.W. 780; Bailey v. State, Tenn.Cr.App., 479 S.W.2d 829; Gant v. State, 3 Tenn. Cr.App. 658, 466 S.W.2d 518.

By their respective Assignments of Error here, the defendants assail their convictions upon the ground that the evidence preponderates against the verdicts and in favor of their innocence, insisting specifically that their convictions rest entirely upon the uncorroborated testimony of accomplices. Separately, Helton complains of the action of the trial court in denying his motion for a continuance, and Marshall contends the court erroneously imposed sentence upon him for grand larceny instead of for second degree burglary.

The facts of this case are undisputed. The record shows that during the daytime of November 24, 1971 the Newport (Cocke County) home of Dr. Drew Mims was broken into by prying a window open, and a box of old coins valued at between $300 and $400, three pistols, two wrist watches, an Illinois gold watch and another watch "Big as an alarm clock" were stolen. Later in the same month, Newport Police Chief Ed Holt went to Greene County where he obtained a number of old coins and a pistol from Donnie Woods. Woods told Holt where he obtained the money and pistol, and as a result of that information the defendants were arrested.

Frank Jenkins, 16 years old, testified for the State that on November 24, 1971 he and the defendant Marshall walked to Dr. Mims' house, entered it through a window, and took between $300 and $400 worth of coins, two or three watches and some guns; that after leaving the house they walked back to town to the T & J Sports Center and sold the proprietor some of the coins; that they met Helton there and told him they had broken into Dr. Mims' house and asked him if he knew how to dispose of the stolen property; that the three of them got into Helton's car and drove to Greeneville, Tennessee and sold one of the guns and the money to a man there whom he had never seen and whose name he did not know; that Helton was given the watches and $20 of the money received from the stolen goods; that one of the remaining guns was sold to Bill Rayburn

who lives in North Carolina and Marshall gave the other one to Paul Gilland; and that he was testifying as he promised to do if placed on parole.

Woods testified that Helton, whom he had known four or five years, and two other men whom he did not know, came to his place of business in Greeneville, Tennessee in late November 1971 and Helton said the others had some coins and a gun and asked him if he was interested; that he paid the two men who were with Helton $15 for a pistol and $160 for the coins without inquiring where they came from or counting them and later turned all of that property over to the Newport Police Chief and placed identifying scratch marks on the pistol.

Neither of the defendants testified nor presented any evidence.

Before addressing the defendants' Assignments of Error, we must first consider another question which this record does not permit us to ignore. The foregoing summary of the evidence clearly demonstrates that the only thing Helton did was to arrange the disposition of the stolen property, for which services he received $20 of the proceeds and the stolen watches. As noted at the outset, the Bill of Exceptions shows that the jury found Helton guilty of "aiding and abetting" and of concealing stolen property. Obviously realizing that the verdict finding Helton guilty of "aiding and abetting" was unintelligible and completely meaningless and void, Baldwin v. State, 213 Tenn. 49, 372 S.W.2d 188, the trial court apparently undertook to remedy the erroneous verdict by disregarding Helton's conviction for concealing stolen property and entering judgment upon the Minutes sentencing him for "the crime of aiding and abetting in receiving stolen property over the value of $100.00."

Thus, instead of approving only the verdict of the jury finding Helton guilty of concealing stolen property, the able and venerable trial judge substituted therefor

the entirely different offense of "aiding and abetting in receiving stolen property."

■ The settled law of this State is that a special verdict upon a single count of an indictment is given the effect of an acquittal upon the other counts to which the jury did not respond, and the accused may not again be put to trial upon those other counts in the indictment. Harvey v. State, 213 Tenn. 608, 376 S.W.2d 497; Franklin v. State, 202 Tenn. 666, 308 S.W.2d 417; Asbury v. State, 178 Tenn. 43, 154 S.W.2d 794; French v. State, 159 Tenn. 451, 19 S.W.2d 276; State v. Abernathy, 153 Tenn. 441, 284 S.W. 361; 5 Wharton's Criminal Law & Procedure (Anderson), § 2129, p. 322.

■ So, the jury's verdict finding Helton guilty of concealing stolen property acquitted him of the charge of receiving stolen property charged in the second count. The judgment of the court finding him guilty of the latter crime as an aider and abettor was void.

Further, it is fundamental that a trial court is without any authority to alter or set aside the verdict of a jury in that manner. State v. Odom, 200 Tenn. 231, 292 S.W.2d 23. In doing so in this case the trial court transgressed that principle.

■ We turn now to Marshall's contention that his conviction rests entirely on the uncorroborated testimony of an accomplice. It is fundamental that a defendant cannot be convicted upon the uncorroborated testimony of an accomplice in his crime. Monts v. State, 214 Tenn. 171, 191, 379 S.W.2d 34; State v. Fowler, 213 Tenn. 239, 245, 373 S.W.2d 460.

■ An accomplice is a person who knowingly, voluntarily, and with common intent with the principal offender unites with him in the commission of the crime. Monts v. State, supra; Moore v. State, 1 Tenn.Cr.App. 190, 432 S.W.2d 684; McAfee v. State, 3 Tenn.Cr.App. 424, 463 S.W.2d 141.

The test generally applied, with certain exceptions such as where the accomplice is a child of tender years, is whether the alleged accomplice could be indicted and tried for the same offense charged against the defendant. Monts v. State, supra; Gann v. State, 2 Tenn.Cr.App. 230, 233, 452 S.W.2d 685. If he could not, then he is not an accomplice. Gann v. State, supra.

Clearly, Jenkins, by his own testimony, was an accomplice of Marshall if, as he said, they together burglarized Dr. Mims' home. Jenkins alone implicated Marshall. The crucial question is whether he was corroborated.

■ Without expressing any opinion as to whether Woods could be successfully prosecuted for receiving stolen property, the law is that, nothing else appearing, one who receives stolen goods is not an accomplice of the thief who stole them. Harris v. State, 75 Tenn. 124; Moore v. State, supra. Since Woods was not an accomplice of Marshall in the burglary, the question arises as to whether his testimony was sufficient to corroborate Jenkins. As already noted, Woods testified that when he turned the coins and pistol over to the Newport police he placed identifying scratch marks on the pistol. By those markings he identified the pistol (a .32 Walther automatic) previously admitted in evidence as an exhibit to the testimony of Newport Police Chief Holt as being the gun surrendered to him by Woods, and which bore the serial number of one of the guns stolen from Dr. Mims during the burglary, and which Dr. Mims in turn identified by its serial number as being one of his guns stolen at that time. Jenkins also identified the same weapon as being one of the pistols he and Marshall took in the burglary.

We said in McAfee v. State, supra:

"The Supreme Court of this State has addressed itself many times to the question of the character and quality and quantum of evidence necessary to consti-

tute legally sufficient corroboration of an accomplice. The rule, simply stated, is that there must be some fact testified to, entirely independent of the accomplice's testimony, which, taken by itself, leads to the inference, not only that a crime has been committed, but also that the defendant is implicated in it; and this independent corroborative testimony must also include some fact establishing the defendant's identity. State v. Fowler, 213 Tenn. 239, 373 S.W.2d 460; Boulton v. State, 214 Tenn. 94, 377 S.W.2d 936. This corroborative evidence may be direct or entirely circumstantial, and it need not be adequate, in and of itself, to support a conviction; it is sufficient to meet the requirements of the rule if it fairly and legitimately tends to connect the defendant with the commission of the crime charged. Sherrill v. State, 204 Tenn. 427, 321 S.W.2d 811.

"In Binkley v. State, Tenn.Cr.App., 434 S.W.2d 336, Presiding Judge Walker wrote for this Court:

'Our Supreme Court has repeatedly held that slight circumstances may furnish the necessary corroboration of an accomplice's testimony. Alexander v. State, 190 Tenn. 260, 229 S.W.2d 331; Garton v. State, 206 Tenn. 79, 332 S. W.2d 169.

'In Stanley v. State, 189 Tenn. 110, 222 S.W.2d 384, the Court said:

"(1) The sufficiency of evidence required to corroborate an accomplice is well set forth in Clapp v. State, 94 Tenn. 186, 30 S.W. 214, 217, as follows:

" 'The degree of evidence which shall be deemed sufficient to corroborate the testimony of the accomplice is for the determination of the jury. The law is complied with if there is some other evidence fairly tending to connect the defendant with the commission of the crime, so that his conviction will not rest entirely upon the evidence of the accomplice.'

"(2, 3) This Court has likewise held that rather slight circumstances may be sufficient to furnish necessary corroboration. Winfree v. State, 174 Tenn. 72, 123 S.W.2d 827. The sufficiency of corroborating evidence where the testimony of an accomplice is in the main depended upon, depends upon the particular facts of each case. The weight of this testimony, that is, of the accomplice, corroborating the accomplice are ordinarily questions for the jury to determine. 'That is to say, when the trial judge finds that there is some corroborative evidence, it is his duty to submit it to the jury for them to say, first, whether it is worthy of belief, and secondly, whether, if true it tended to connect the defendant with the commission of the crime charged. It is not necessary to show by independent proof a link between the accomplice's testimony and corroborative proof; when the proof claimed to be corroborative tends to connect the defendant with the commission of the crime in such a way as may reasonably satisfy a jury that the accomplice is telling the truth, it is sufficient. For this purpose, if the accomplice is corroborated as to some material fact or facts, the jury may from that infer that he speaks the truth as to all.' Wharton's Criminal Evidence, Vol. 2, Section 754, page 1272.

"(4) It is not necessary that the corroboration extend to every part of the accomplice's evidence. The same authority last above quoted from says,

" 'The corroboration need not be conclusive, but it is sufficient if this evidence, of itself, tends to connect the defendant with the commission of the offense, although the evidence is slight, and entitled, when standing by itself, to but little consideration. Moreover, if the verdict is founded on slight evidence of corroboration connecting the defendant with the crime, it cannot be said, as a matter of law,

that the verdict is contrary to the evidence.'

Section 753, page 1271, supra.

\* \* \* \* \* \*

"(6) These proven facts certainly entitle the jury to draw reasonable inferences therefrom and this Court will not substitute its judgment or inferences from these proven facts, this being a function of the jury. Foster v. State, 180 Tenn. 164, 172 S.W.2d 1003."

'The entire conduct of the accused may be looked to for the corroborating circumstances; and if, from those circumstances, the crime may fairly be inferred, the corroboration is sufficient. See 23 C.J.S. Criminal Law § 812(4).'

"The opinion in Stanley v. State, supra, was quoted and reaffirmed in Williams v. State, 216 Tenn. 89, 390 S.W.2d 234."

See Binkley v. State, 1 Tenn.Cr.App. 214, 434 S.W.2d 336; Wallis v. State, 1 Tenn.Cr.App. 756, 450 S.W.2d 43; Hawkins v. State, Tenn.Cr.App., 469 S.W.2d 515; Scola v. State, Tenn.Cr.App., 474 S.W.2d 144; Henley v. State, Tenn.Cr.App., 489 S.W.2d 53.

Although Jenkins claimed he had never seen and did not know the name of the Greeneville man to whom he and Marshall sold the coins and pistol, from this record there can be no possible doubt that that man was Woods. Upon the entire record, we are of opinion that the testimony of accomplice Jenkins was sufficiently corroborated by the facts and circumstances discussed above, and that the jury was fully justified in finding that his testimony was true.

■ Finally, there is no merit in Marshall's contention that the court erroneously sentenced him for grand larceny. Obviously cognizant of the rule forbidding pyramiding punishment by separate convictions and sentences for burglary and larceny committed at the same time and place, Cronan v. State, 113 Tenn. 539, 82 S.W. 477; McAfee v. State, supra, the trial judge simply elected to correct the jury's error in convicting Marshall both of second degree burglary and grand larceny by pronouncing judgment upon the grand larceny conviction only. The statutory minimum imprisonment for each offense is three years (TCA §§ 39–903 and 39–4204), and the maximum fixed by the jury in each case was five years. The trial court committed no error in approving only the conviction of grand larceny, and Marshall was clearly not prejudiced.

■ Affirmed as to Marshall. With respect to Helton, we may correct the illegal judgment entered by the trial court and render the judgment that court should have rendered. McCampbell v. State, 116 Tenn. 98, 93 S.W. 100; Cowan v. State, 117 Tenn. 247, 96 S.W. 973; Coleman v. State, 121 Tenn. 1, 12, 113 S.W. 1045; Crow v. State, 136 Tenn. 333, 337, 189 S. W. 687; Godsey v. State, 162 Tenn. 568, 39 S.W.2d 286. Accordingly, the judgment as to Helton is corrected to adjudge him guilty of concealing stolen property in accordance with the verdict of the jury, and for that offense he is sentenced to imprisonment in the State Penitentiary for not less than three and not more than five years (the same sentence pronounced by the trial judge). TCA § 39–4217.

■ There is no merit in his Assignment complaining of the action of the trial court in overruling his motion for a continuance. In that motion he claimed that by his absent witness Charles Jones, for whom subpoena had issued but had not been served, he could prove "that he never possessed, nor sold or disposed of any stoled [sic] property involved in this cause." The record shows Jones was the proprietor of the T & J Sports Center to whom Jenkins and Marshall sold some of the stolen coins. Obviously he could not know that Helton "never possessed, nor sold or disposed of" any of the stolen

goods. In denying the continuance the trial judge did not abuse the discretion vested in him in such matters. Hunter v. State, 222 Tenn. 672, 440 S.W.2d 1; State ex rel. Carroll v. Henderson, 1 Tenn.Cr. App. 427, 443 S.W.2d 689.

Corrected as indicated, the judgment as to Helton is affirmed.

GALBREATH and MITCHELL, JJ., concur.