Verne BOLEN, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Sept. 20, 1976.

Certiorari Denied by Supreme Court Dec. 6, 1976.

Seth Norman, Nashville, James E. Walton, Springfield, Karl P. Warden, Franklin, for appellant.

R. A. Ashley, Jr., Atty. Gen., Michael E. Terry, Asst. Atty. Gen., O'Brien Price, Dist. Atty. Gen., Springfield, for appellee.

RUSSELL, Judge.

### OPINION

The appellant, Verne Bolen, was indicted for receiving stolen property of a value in excess of one hundred dollars, found guilty by a jury, and sentenced to five to ten years in the penitentiary.

We note at the outset that the trial court's judgment was "guilty as charged for concealing stolen property", an obvious error. The jury simply reported that it found the defendant guilty, and the charge was receiving. We modify the judgment to reflect that the conviction is for receiving stolen property of a value in excess of one hundred dollars.

The theory of the State was that Bolen, who owned and operated a plant wherein leather was a major item being processed, had for many years knowingly purchased bulk leather stolen from Genesco, Inc. Two men who had worked for Genesco and who admitted to having stolen leather and to selling it to Bolen over a period of years testified for the State. They contended that Bolen knew how the leather was being procured, that they always delivered it after regular hours, etc. Bolen, on the other hand, testified and contended that while he knew that the leather was coming from Genesco, Inc., that he thought that it was surplus and that the purchases were legitimate. We have not attempted to set out the evidence in detail supporting the opposing theories. The key, and the only real issue of fact, was Bolen's guilty knowledge. The jury resolved that issue in favor of the

State, and the evidence certainly does not preponderate against the verdict.

■ The first assignment of error complains of the introduction into evidence of the fruits of a warrantless search of Bolen's trash dumpster. This search was made by a private detective and a police officer, and they had neither a search warrant nor probable cause. They found a box of scrap leather and a packing slip, tending to show that Genesco, Inc., leather was upon the premises. (Another such packing slip was introduced by the State without any competency question.) The packing slip taken from the trash container is also the subject of the second assignment of error, since when it was introduced it could not be explicitly identified nor was this deficiency overcome by the establishment of a chain of custody.

We hold that the packing slip was erroneously introduced, on both grounds. The witness who found it should either have identified it, or an unbroken custody chain established, as a condition precedent to the introduction. And we do not believe that a sufficient record was made to justify treating the trash dumpster as the receptacle of abandoned property then beyond the scope of any expectation of privacy and hence subject to unfettered exploration. The large enclosed container was shown to have been on Bolen's private property, adjacent to what he described as a private driveway. The searcher had to use a board to climb up to where he could substantially enter the dumpster and make his search. We hold that in the state of the record when this evidence was admitted it was error to hold that such a warrantless search was reasonable and hence constitutional. While this property may very well have been abandoned, with no expectation of privacy remaining, this record is not fully enough developed to establish that point.

■ But these errors are both harmless, beyond a reasonable doubt. How could scrap leather and/or a packing slip tending to show that Genesco, Inc., leather was on the premises prejudice Bolen, when the only issue was whether or not he knew that the Genesco leather admittedly upon the premises was stolen? The leather scraps and the packing slip being in the trash dumpster harmonizes with both theories.

■ The third assignment of error questions the validity of the indictment, which clearly was returned by a Grand Jury consisting of only eleven members plus the foreman. One of the twelve Grand Jurors was a personal friend of the accused, and indicated privately to the foreman that she would prefer not to vote upon this proposed indictment. She was permitted by the foreman to leave the room, whereupon the eleven remaining members plus the foreman voted for a true bill, and the indictment was thus returned.

■ The Grand Juror who did not wish to vote was not legally disqualified, and should not have been permitted to leave the room. Had she been disqualified, T.C.A. § 40–1511 provides for the naming of a replacement. But her leaving the room was harmless error. If she had stayed and voted against the indictment it would have not invalidated it, since twelve votes remained. All that is required is twelve affirmative votes. *Pybos v. State*, 22 Tenn. 49; T.C.A. § 40–1706. The foreman has the same voting power as any other Grand Juror. T.C.A. § 40–1506. This was a valid indictment.

■ Finally, it is contended that the thieves were not corroborated, and therefore this conviction cannot stand. The thesis is that the thieves were accomplices of Bolen. We hold to the contrary, under the authority of *Gann v. State*, 2 Tenn.Cr.App. 230, 452 S.W.2d 685 (1969). We would add that substantial corroboration is present, also.

Affirmed as modified.

GALBREATH, J., and TILLMAN GRANT, Special Judge, concur.