IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

FEBRUARY 1998 SESSION

FILED

April 7, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 01C01-9708-CC-00182 |
| Appellee, | * | HICKMAN COUNTY |
| VS. | * | Hon. H. Denmark Bell, Judge |
| JASON JAMES MATTHEWS, | * | (Simple Possession of a Schedule VI Drug) |
| Appellant. | * | |

For Appellant:

Vanessa P. Bryan
Assistant Public Defender
407-C Main Street
P.O. Box 68
Franklin, TN  37065-0068

For Appellee:

John Knox Walkup
Attorney General and Reporter

Janis L. Turner
Counsel for the State
Cordell Hull Building, Second Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

Ronald L. Davis
and
Mark Puryear
Assistant District Attorneys General
G-6 Courthouse, P.O. Box 937
Franklin, TN  37065-0937

OPINION FILED:_____

AFFIRMED

GARY R. WADE, JUDGE

OPINION

The defendant, Jason James Matthews, was charged with possession of a controlled substance for resale. The jury found the defendant guilty of simple possession of a Schedule VI controlled substance. The trial court imposed a sentence of eleven months and twenty-nine days in the workhouse, suspended after the service of thirty days in the county jail. The defendant was fined $1,000.00.

In this appeal of right, the defendant claims that the evidence was insufficient, that there was no proof of constructive possession, and that there was no corroboration of accomplice testimony.

We affirm the judgment of the trial court.

On July 22, 1994, Officers Gary Luther and Joey Kimble, agents for the Twenty-first Judicial Drug Task Force, stopped a restored 1965 Chevrolet Bel-Air operated by Nathan Baiocco at a roadblock. The defendant was a passenger. Officer Luther commented upon the excellent condition of the automobile and made casual conversation before inquiring whether either of the men possessed drugs.

Officer Luther, who had worked on more than a thousand illegal drug cases, observed that both of the men were startled by the question. While denying having drugs, "They looked at one another, their mouths fell open, and then they looked back at us." The officers then asked for permission to search the vehicle and Baiocco consented. Officer Luther searched Baiocco and found nothing except a Crown Royal bag, which is often used by those who carry drugs to "keep ... dope," inside his pants. The bag was empty. The officers observed a marijuana seed in the ashtray of the vehicle. A double-edged knife, a paper drawing of a mushroom,

2

and a glass pipe containing marijuana residue were found in the glove compartment.

When Officer Luther asked Baiocco to unlock the trunk, Baiocco refused permission. The defendant then remarked, "Make them waste their time, make them get a warrant." When asked, Baiocco refused to give Officer Luther the keys. The defendant then directed Baiocco, "Make them get a warrant. Don't open the trunk." Luther testified that Baiocco appeared to be turning to the defendant for an answer to each of these questions. At that point, Officer Luther contacted an assistant district attorney who advised him to continue the search of the vehicle without a warrant. Upon inspection, Officer Luther found a neatly folded towel in which there was a ziplock bag containing three separate bags of marijuana. Each of the bags contained twenty-nine grams of marijuana. There are twenty-eight grams to an ounce, a common increment of sale. Officer Luther testified that an ounce of marijuana would produce about fifty joints.

Baiocco, a friend to the defendant for three or four years, agreed to testify for the state in exchange for a plea of guilt and judicial diversion. See Tenn. Code Ann. § 40-35-313. He claimed that when he picked up the defendant at about 8:30 P.M. on the night of their arrest, the defendant was in possession of all of the marijuana later confiscated by the officers; the defendant then placed the drug in the trunk of the vehicle. Baiocco testified that the two intended to smoke the marijuana as they visited various "college parties" in West Nashville during the course of the evening. Baiocco asserted that the knife belonged to his brother but denied any knowledge of the glass pipe or marijuana seed in the ashtray.

On cross-examination by the defense, Baiocco acknowledged that he had applied for and been denied pretrial diversion. He admitted that during the

3

entire proceedings that had taken place in his case, he had never claimed that the marijuana belonged to the defendant.

Baiocco's parents, Larry and Cynthia Baiocco, testified that they had overheard the defendant acknowledge in the presence of an attorney that the marijuana was his. A T.B.I. forensic chemist, Glenn Everett, confirmed that the contents of each of the three bags tested positive for marijuana.

The defense called only one witness. Holly Matthews, the defendant's wife, testified that Baiocco had acknowledged to her two months before the trial that "he wanted to rat on someone because he didn't want to get in trouble and that he didn't want a felony ...."

The defendant argues that the evidence was insufficient to support the conviction. In particular, he contends that the proof did not establish that he constructively possessed the marijuana and that the testimony of his accomplice, Baiocco, was not adequately corroborated.

On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which might be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the evidence are matters entrusted exclusively to the jury as the triers of fact. Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978). A conviction may be set aside only when the reviewing court finds that the evidence is insufficient to support the finding by the trier of fact of guilt beyond a reasonable doubt. Tenn. R. App. P. 13(e). A guilty verdict, approved by the trial judge, accredits the testimony of the witnesses for the

state.  State v. Hatchett, 560 S.W.2d 627, 630 (Tenn. 1978).

It is an offense for a person to  "knowingly ... possess ... a controlled substance."  Tenn. Code Ann. § 39-17-418(a).  Marijuana is a controlled substance. Tenn. Code Ann. § 39-17-415(1).  "'Knowing' refers to a person who acts knowingly with respect to the conduct or to circumstances ... when the person is aware of the conduct or that circumstances exist...."  Tenn. Code Ann. § 39-11-302(b).

Certainly, the mere presence of a person in an area where drugs are discovered is not enough, standing alone, to support a conviction of possession. State v. Transou, 928 S.W.2d 949, 956 (Tenn. Crim. App. 1996).  Neither does mere association with a person who is in control of the illegal drug support such a conviction.  Id.  Yet, one may constructively possess illegal drugs.  Id. at 955.  In order to constructively possess, one must have "dominion and control over an object, either directly or through others."  Id. at 956; State v. Williams, 623 S.W.2d 121, 125 (Tenn. Crim. App. 1981).  "'In essence, constructive possession is the ability to reduce an object to actual possession.'"  Id. (quoting United State v. Martinez, 588 F.2d 495 (5th Cir. 1979)).

A defendant cannot be convicted upon the uncorroborated testimony of an accomplice.  Prince v. State, 529 S.W.2d 729, 732 (Tenn. Crim. App. 1975). Some testimony, independent of that of the accomplice, must fairly and legitimately tend to connect the defendant with the commission of the crime charged.  Marshall v. State, 497 S.W.2d 761, 765 (Tenn. Crim. App. 1973).  The issue is one for the jury.  Id.  Slight circumstances may be sufficient to furnish the necessary corroboration.  Garton v. State, 332 S.W.2d 169, 175 (Tenn. 1960).

5

Baiocco and the defendant were the only occupants of an automobile in which drug paraphernalia and a marijuana seed and residue were found. Their trunk contained over three ounces of marijuana. According to the investigative officer, Baiocco looked to the defendant to answer many of the questions regarding the search of the vehicle. The defendant objected to access to the trunk and demanded that the officers acquire a search warrant. Thus the element of possession was established, at least constructive possession. Baiocco identified the defendant as the owner of the marijuana who placed it in the trunk. Baiocco's parents overheard the defendant admit to ownership and so testified. That is sufficiently corroborative. In our view, the jury acted within its prerogative in determining the guilt of the defendant.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Judge

CONCUR:


_____
William M. Barker, Judge


_____
Curwood Witt, Judge

6