WINFREE *v.* STATE.

(*Nashville*, December Term, 1938.)

Opinion filed January 21, 1939.

THOMAS E. HINSON and WILLARD HAGEN, both of Lebanon, for plaintiff in error.

W. F. BARRY, JR., Assistant Attorney-General, for the State.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This appeal is from a conviction of larceny of chickens, with a prison sentence of two years. Jennings, another Negro boy was caught with four of eight chickens stolen, and he testified that defendant Winfree helped him in the theft. This boy was given a year and a day in the reform school. Complaint is made that the conviction rests on the uncorroborated testimony of a confessed accomplice. The only other evidence adduced connecting Winfree with the theft was the testimony of officers that when Jennings accused Winfree in his presence of participation in the offense, he made no denial, or other response—said nothing at all. This, it is said for the State, was proper to be looked to by the jury as a corroborative circumstance. The defendant did not testify himself, nor did he introduce any testimony to impeach Jennings, or to offset his testimony, in the form of an alibi, or otherwise.

Counsel for the State assert that the proven conduct of the defendant was, in effect, an admission of his guilt which the jury might properly treat as a corroborative circumstance. The following quotation from Wharton's Criminal Evidence, Vol. II, (11 Ed.), pp. 1089-1092, is made in the brief:

"Sec. 656. *Admissions by silence.* It may be stated as a general rule that, when a statement is made in the presence and hearing of an accused, incriminating in character, and such statement is not denied, contradicted,

or objected to by him, *both the statement and the fact of his failure to deny are admissible on a criminal trial as evidence of his acquiescence in its truth.* A statement so made would, of itself, be objectionable as hearsay testimony, being a statement made at some time other than at a present trial, offered to prove the truth of the matter therein asserted, and based entirely on the credibility of a declarer not then before the court. However, as in the case of admissions generally, the statements herein considered are not offered as evidence of their truth merely because they were uttered; they are secondary in nature and are accepted in evidence as untainted by the hearsay stigma merely because they are a necessary predicate to the showing of the substantive evidence, the reaction of the accused thereto. The crystallization of the experience of men shows it to be contrary to their nature and habits to permit statements tending to connect them with actions for which they may suffer punishment to be made in their presence without objection or denial by them unless they are repressed by the fact that the statement is true. Consequently, silence under accusation is some evidence from which the jury may infer that the accused acquiesces in the statement and admits its truth. . . ." (Italics ours.)

The State's brief also cites the case of *People* v. *Bringhurst*, 192 Cal., 748, 221 P., 897, wherein, when the confessions of two co-conspirators in a murder case were read to the accused before the trial, he did not deny the accusatory statements but stated that he had nothing to say. The Supreme Court of California, in that case, said, 221 P. at page 898:

"It has become a well-established rule that when a defendant, under conditions which fairly afford him an

opportunity to reply, stands mute in the face of an accusation of crime, the circumstance of his silence may be taken against him as evidence indicating an admission of guilt. The reason for admitting the accusation in such cases is to explain the conduct of the accused. *People* v. *Lapara*, 181 Cal., 66, 71, 183 P., 545; *People* v. *Gordon*, 61 Cal. App., 98, 214 P., 276.''

We are cited to no case in this State passing on this precise question, but, while we think the rule should be applied with circumspection, it appears to be sound principle and we feel impelled to follow it. However, while the judgment must be affirmed, we think the punishment excessive and recommend a commutation to a jail sentence.