JONES *v.* STATE.

(*Knoxville,* September Term, 1946.)

Opinion filed October 12, 1946.

JOHN R. TODD, JR., and HOWARD E. WILSON, JR., both of Kingsport, for plaintiff in error.

ALLISON B. HUMPHREYS, JR., Assistant Attorney-General for the State.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The defendant was convicted of driving a motor vehicle while drunk and of unlawfully leaving the scene of the accident. This conviction was had upon an indictment containing both counts. He was fined $50 and given a jail sentence of 90 days on the first count and fined $50 and given 30 days on the other count. He has brought his case to this Court. We do not think there is sufficient competent evidence in the record to sustain the verdict and judgment below.

A highway patrolman testified as to a collision of two automobiles, in one of which the defendant was riding. He did not testify but another person who was in the car testified in defendant's behalf to the effect that a third person with them was driving at the time of the accident.

On behalf of the State the highway patrolman said the accident was reported to him and he reached the scene about one and one-half hours after the collision. He found the defendant nearby in an intoxicated condition, together with another man. Continuing his testimony, the officer said:

"A. . . . I arrested them, and the trial was before Esq. Cooper the next day, and the man from the District of Columbia, who was in the other car, said that the tall one, which was Jones was the one driving the car.

"Mr. Todd: Your Honor, we except to this witness stating what the man from the District of Columbia told this witness.

"Q. Was the statement in the presence of defendant? A. Yes.

"The Court: Overruled.

"Mr. Todd: We save exceptions.

"The Witness: I had the defendant before Esq. Cooper, and it was at the trial the next day, and the man from the District of Columbia testified that the tall man was driving the car, and the defendant Jones, was there and heard him.

"Mr. Todd: Your Honor, we except to what the man from the District of Columbia said there or testified to before the Justice of the Peace.

"The Court: Overruled, as to what the man said in the presence of the defendant.

"Mr. Todd: We save exceptions."

It is sought to sustain this conviction on a theory that the failure of defendant to deny the statement of "the man from the District of Columbia" made in defendant's presence and not denied amounted to an admission of guilt by the latter.

The context indicates very plainly that the statement referred to by the officer was that made during the preliminary trial before the magistrate. Evidence of a failure of defendant to deny a charge made against him in the course of a judicial proceeding is not admissible for any purpose. *Parrott* v. *State*, 125 Tenn. 1, 139 S. W. 1056, 35 L. R. A. (N. S.), 1073, Ann Cas. 1913C, 239. The

rule that failure to deny a charge made against him in his presence may be received as an admission against defendant is based on the fact that out of court the defendant is at liberty to deny the charge. In a judicial proceeding, however, defendant is not at liberty to interpose any denial during the course of testimony of the adverse witness and of course defendant is not required to testify himself unless he so desires.

 The State insists that the objection taken to this evidence of the highway patrolman is too general, not specific, and consequently can be of no avail to defendant in this Court. The rule, of course, is that objections to testimony must be specific but an exception is made in some cases where the evidence is not competent for any purpose. *McCadden* v. *Lowenstein*, 92 Tenn. 614, 22 S. W. 426; *Miller* v. *State*, 80 Tenn. 223. Certainly, under these authorities, as a matter of favor, the Court may hold a general objection good when evidence is of the character here involved. Such proof tends to force a defendant to take the witness stand and touches his constitutional rights.

Reversed and remanded.