CAMPER *v*. STATE.

(*Knoxville*, September Term, 1948.)

Opinion filed December 11, 1948.

JOHN C. CRAWFORD, JR. and WM. McTEER, both of Maryville, and RAY H. JENKINS, of Knoxville, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for the State.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The plaintiff in error, defendant in the lower court, has appealed from a conviction of rape, his punishment being fixed at ten years in the State Penitentiary. Numerous errors have been assigned by counsel to the action of the trial court in denying the defendant's motion for a new trial. In our view of the case it is not necessary that we discuss the issue as to whether or not the evidence preponderates against the verdict. The evidence is in sharp conflict, the State contending that the act of intercourse was accomplished with force and violence while the defendant testified throughout that it was with the consent of the prosecutrix.

The defendant is a young white man about twenty years of age. The prosecutrix was eighteen years of age at the time the crime is alleged to have been committed. They had not known each other prior to the night when they met on the streets of Maryville. The defendant and a companion, while riding in an automobile, passed her on the street and asked her if she did not want a ride. After some hesitation she consented. Later the

defendant's companion left the car and the defendant and the prosecutrix rode out in the country. This, we think, was over her protest. It was while on this trip that the crime was committed. They returned to Maryville and the prosecutrix was driven to the home of her employer, Dr. Max McCulloch. Soon after her arrival she complained to Mrs. McCulloch that the defendant had committed the crime of rape upon her person. We decline to express an opinion as to the merits of the case since it must be reversed for error committed by the trial judge in charging a special request which was offered by counsel who was employed to aid the prosecution. The ground for the request was based upon the following incident, to-wit: following the defendant's arrest and while he was in jail he and two other prisoners were brought out in the jail corridor in the presence of the prosecutrix. She was asked to identify her assailant. She pointed to the defendant and stated that he had raped her. To this accusation he was mute, making no denial whatever. At the conclusion of the court's general charge the following special request was offered:

"Where one is accused of a crime and makes no denial thereof, when he has opportunity to do so, a presumption of guilt arises from his failure to make a denial of the charge." The foregoing is assigned as reversible error.

██ We think the law is settled in most jurisdictions that when a statement is made in the presence and hearing of one accused of an offense and the statement tends to incriminate him, or is of an incriminating character, and such statement is not denied, or in any way objected to by him, both the statement and the fact of his failure to deny it or make any response to it, is admissible against him as evidence of his acquiescence in its truth.

514

*Phelan* v. *State*, 114 Tenn. 483, 505, 88 S. W. 1040; *Winfree* v. *State*, 174 Tenn. 72-75, 123 S. W. (2d) 827.

But in none of our cases have we gone so far as to hold that the mere silence of one who is thus accused of a crime raises a presumption of guilt. The silence of the accused when charged with a particular offense, or any connection therewith, is only a circumstance from which an inference of guilt may be drawn by the jury. Thus in *Deathridge* v. *State,* 33 Tenn 75-80 it was said:

"If the prisoner had remained silent under the charge, it was competent to go to the jury as a circumstance, for such inference as the facts attending it might reasonably warrant."

Also in *Green* v. *State,* 97 Tenn. 50, 63, 36 S. W. 700, 704, the Court expressed the view "That such evidence should always be received with great caution". Statements directed against the accused and in his presence and charging a criminal offense may be, in the absence of any denial or explanation entitled to great weight. On the contrary it might be more or less equivocal and of little probative value. It was for this reason that the court held that "Its value, of necessity, must be estimated by the jury". In *Phelan* v. *State, supra* [114 Tenn. 483, 88 S. W. 1045], it was held:

"Mr. Wharton in his work on Criminal Law, sec. 696, says:

" 'Where a man had full liberty to speak, and not in the course of a judicial inquiry is charged with a crime, and remains silent—that is, makes no denial of the accusation by word or gesture—his silence is a circumstance which may be left to the jury.'

. . . . . .

"An analysis of these cases will show (1) that when the accusation is denied, it is not admissible at all as an

evidential fact and has no probative effect whatever; (2) when the defendant stands mute in the face of the charge, that fact is interpreted as a circumstance tending to show guilt, provided the defendant heard and understood the charge and the situation of the parties demanded a denial—all of which must be left to the determination of the jury; (3) that evidence of silent acquiescence is of a dangerous character and must be received with great caution." To the same effect, see *Winfree* v. *State, supra,* and *Watson* v. *State,* 184 Tenn. 177, 180, 197 S. W. (2d) 802.

"121. Silence. Failure of a person to protest his innocence when he is first charged with commission of a crime *does not raise a presumption of guilt as a matter of law.* It is merely a circumstance which the jury has the right to consider in connection with all the other evidence in the case." (Italics ours.) Wharton's Criminal Evidence (11th Ed.) Vol. 1, p. 137; *McCormick* v. *State,* 181 Wis. 261, 194 N. W. 347.

Able counsel for the State seeks to minimize the effect of the special request here assailed by contending that it was in effect a statement to the jury that they might consider the accusation and the fact of defendant's silence as warranting only an inference of guilt. But we cannot give it such a limited meaning. The jury could have drawn no other conclusion from this instruction than that the defendant was presumed to be guilty of the crime of rape when he stood mute in the presence of his accuser. The jury was well warranted in coming to the conclusion that the court in directing their attention to the defendant's silence under this grave accusation by saying that it gave rise to a presumption of guilt he used the word "presumption" in a legal sense and that it thereby compelled a legal conclusion.

The courts have distinguished an inference from a presumption. Many cases could be cited wherein the words inference and presumption have been given substantially the same meaning. *Ohio Bldg. Safety Vault Co.* v. *Industrial Board*, 277 Ill. 96, 115 N. E. 149, 154. But they are not synonymous in the law of evidence as directing the jury to the same legal conclusion. We think by the weight of authority these terms cannot be used interchangeably in a legal sense.

■ "A 'presumption' and an 'inference' are not the same thing. A 'presumption' being a deduction which the law requires a trier to make; an 'inference' is a deduction which the trier may or may not make according to his own conclusions. A presumption is mandatory; an inference, permissible." *Cross* v. *Passumpsic Fiber Leather Co.*, 90 Vt. 397, 98 A. 1010, 1014.

See also *State* v. *Godlasky*, 47 S. D. 36, 195 N. W. 832, 833, in which it is held that a "presumption is compulsory and cannot be disregarded by the jury". Other cases to the same effect are cited in 21 Words and Phrases, Perm. Ed., pages 271, 272.

Upon the foregoing authorities we hold that it was error to give in charge the special request which was made the basis of defendant's principal ground for a new trial.

Reversed and remanded.

All concur.