**William Roy ROBERD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 27455.**

Court of Criminal Appeals of Texas.

March 9, 1955.

Ray Stevens, Joe Fleming, Austin, for appellant.

Leon Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for sodomy; the pun-ishment, two years' confinement in the penitentiary.

The indictment alleged that the offense was committed on or about the 13th day of May, 1954.

Evidence that appellant committed the offense is shown by the testimony of the prosecuting witness, Bobby Newland. The court in its charge instructed the jury that the witness, Newland, was an accomplice as a matter of law and therefore his testi-mony must be corroborated to sustain this conviction.

The witness, Newland, who was seventeen years of age, testified that he became acquainted with the appellant in the month of February, 1954, while they were associated together as members of the Civil Air Patrol in Austin; that on May 13, 1954, the witness accompanied appellant on a trip from Austin to Taylor, and as they were returning to Austin, appellant began playing with the witness' penis, and that at appellant's request, the witness, who was driving the car, stopped, after which appellant committed an act of sodomy upon him.

The witness further testified as to other occasions when appellant either fondled or performed unnatural acts upon him, namely, that in the month of February, 1954, while the two were staying overnight in the town of Llano and after they had gone to bed, appellant played with the witness' penis; that in the month of May, 1954, when the witness was spending the night with appellant he played with the witness' penis and on such occasion committed an act of sodomy; that on the night of June 2, when appellant and the witness were driving on a road outside of Austin, appellant began fondling the witness' penis, and after the witness had stopped the car at appellant's request, he took the witness' pants off and threw them in the back of the car, and upon the approaching of an automobile being driven by Game Warden, Grover Simpson, the witness put on his pants which were then wrong side out.

The only evidence offered by the State in an attempt to corroborate the testimony of the accomplice witness was that of Allan Bettis and Alvin Beaseley who both testified that they knew that appellant and the witness, Bobby Newland, left Austin together on May 13, 1954, for the purpose of going to Taylor on business in connection with the Civil Air Patrol, and of the Game Warden, Grover Simpson, who testified that on the night of June 2, 1954, he saw appellant and Newland together in a car and on such occasion Newland was shaking, that his shirt was unbuttoned, that he was holding his pants, which were wrong side out, with both hands, and that he could see "a gap opening right below his hands."

Appellant contends that the evidence is insufficient to corroborate the testimony of the accomplice witness as required by Art. 718, Vernon's Ann.C.C.P. With this contention we are inclined to agree.

The testimony of the witnesses, Allan Bettis and Alvin Beaseley, only corroborates that of the accomplice witness that he and the appellant made the trip to Taylor, and viewed most favorably to the State, it only shows that appellant had an opportunity to commit an act of sodomy on the trip. Evidence which only shows an opportunity to commit the offense is insufficient to corroborate the testimony of an accomplice that an offense has been committed. Masten v. State, 109 Tex.Cr.R. 596, 6 S.W.2d 367; Wilson v. State, 147 Tex.Cr.R. 653, 184 S.W.2d 141.

The testimony of Game Warden Simpson, in describing the occasion and circumstances of seeing appellant and the accomplice on the night of June 2, does not in any manner connect appellant with the offense which the accomplice testified was committed on May 13, and which is the date charged in the indictment. The testimony of the three witnesses last mentioned, at most, only creates a suspicion that appellant might have committed the act of sodomy as charged. It has been held that suspicious circumstances are not sufficient, standing alone, to corroborate the testimony of an accomplice. Almazan v. State, 140 Tex.Cr.R. 432, 145 S.W.2d 576.

The conclusion is reached that the testimony of the accomplice witness is not sufficiently corroborated as required by law and, therefore, the evidence is insufficient to support the conviction.

For the reason stated, the judgment is reversed and the cause remanded.

Opinion approved by the Court.