J. B. Boulton

*v.*

State of Tennessee.

377 S.W.2d 936.

(*Nashville,* December Term, 1963.)

Opinion filed April 8, 1964.

ROBERT L. JOHNSON, Gainesboro, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, EDGAR B. CALHOUN, Assistant Attorney General, for the State.

MR. JUSTICE FELTS delivered the opinion of the Court.

Defendant below was indicted and charged with a crime against nature by engaging in fellatio with a 14-year-old boy named, a felony punishable by imprisonment and infamy (T.C.A. sec. 39-707 and sec. 40-2712). The jury found him "guilty of an attempt to commit a felony" (Id. sec. 39-603), and fixed his punishment at six months in the county jail, and judgment was accordingly entered.

He has appealed in error and has assigned errors insisting that the evidence preponderates against the verdict of guilt and in favor of his innocence, and that the only evidence of guilt was the testimony of the boy, an accomplice, which was uncorroborated and, therefore, not adequate to support the conviction.

It appears that defendant, a young man, was a former school teacher of the boy mentioned. The only direct evidence of guilt was the story of the boy, who, by his own statement, was an accomplice in the crime charged. The Trial Judge so ruled and charged the jury that the boy was an accomplice and that they should not convict the defendant upon his testimony unless it was sufficiently corroborated by other evidence. So, the crucial question on this appeal is whether the boy's testimony was sufficiently corroborated by other evidence to support the verdict.

The rule is well settled in this State that a defendant can not be convicted upon the uncorroborated testimony of an accomplice in the crime. The test of the legal sufficiency of corroboration has been variously phrased. A statement of the rule that has been widely approved in our cases is this:

"The rule is that, to sufficiently corroborate the testimony of the accomplice, there should be some fact

testified to, entirely independent of the accomplice's evidence, which, taken by itself, leads to the inference, not only that a crime has been committed, but also that the defendant is implicated in it'' (*Clapp v. State,* 94 Tenn. 186, 195, 30 S.W. 214, 216). *Robison v. State,* 84 Tenn. 146, 148; *Stanley v. State,* 189 Tenn. 110, 115, 222 S.W.2d 384; *Sherrill v. State,* 204 Tenn. 427, 433, 321 S.W.2d 811.

Another statement of the rule by 2nd Wharton's Criminal Evidence (12th Ed.), sec. 468, pp. 257-258, which is supported by cases from many states, including our own, is this:

"By judicial decision and by express statutory provision, the corroboration of an accomplice, when necessary, is not sufficient if it merely shows the commission of the offense, or the circumstances thereof, or that the accomplice and the defendant are acquainted or connected. There must be independent evidence supporting the testimony of the accomplice or tending to confirm him, which must be of a substantive character, and must tend to connect the defendant with the commission of the crime charged or to identify him as the guilty person, and which is inconsistent with his innocence."

Speaking for the English Court of Criminal Appeals in *The King v. Baskerville* [1916], 2 K.B. 658, 10 British Ruling Cases, 337, 346, Lord Reading, Chief Justice, stated the rule thus:

"We hold that evidence in corroboration must be independent testimony which affects the accused by connecting or tending to connect him with the crime. In other words, it must be evidence which implicates him,

that is, which confirms in some material particular not only the evidence that the crime has been committed, but also that the prisoner committed it."

This rule requiring corroboration of the testimony of an accomplice has been applied in sex cases even where the accomplice was a child. *Clapp v. State,* supra; *Sherrill v. State,* supra; *Scott v. State,* 207 Tenn. 151, 155-158, 338 S.W.2d 581; *The King v. Baskerville,* supra.

The only other evidence relied on to corroborate that of the accomplice was the testimony of his 23-year-old married sister, Mrs. Olene Butler Grisham, who swore out the warrant, had defendant arrested, acted as prosecutrix, and apparently was the only member of the family who had anything to do with the case, though it appears the boy's father and mother were both living. Also, it appears that this sister had "had a fight, or trouble" with defendant just before she initiated this prosecution.

She testified that defendant had formerly been the boy's grade teacher in school at Carthage, and that for some two or three years he had been taking the boy, along with the latter's brother and defendant's niece, on swimming parties to Horn Springs and other places, and that once or twice he took the boy and the boy's brother to a Christmas parade in Nashville; and that on one occasion when her mother would not let the boy go with defendant, he said to the witness: "I think more of him"—"I wouldn't do a thing to harm him," "I would do anything for him," "I love him just like he was mine."

The State relies on the this testimony of Mrs. Grisham as to defendant's association with the boy and the trips they had taken together as circumstances cor-

roborating the testimony of the boy, the accomplice. We think this argument is unsound. This evidence, at most, merely tended to cast suspicion on the accused, or to show an opportunity to commit the crime, but was consistent with his innocence.

█ Evidence which merely casts a suspicion on the accused or only shows he had an opportunity to commit the crime, is legally insufficient to corroborate the testimony of the accomplice. *Binnion v. State* (opinion by Mr. Special (now Associate) Justice Weldon B. White), 264 S.W.2d 795, 796; *Roberd v. State,* 161 Tex.Cr.R. 188, 276 S.W.2d 270, 271; *State v. Vigil,* 123 Utah 495, 260 P.2d 539, 541.

█ The State also argues that the above quoted words attributed by the witness to defendant evidence a display of affection by him toward the boy which is abnormal between unrelated persons of the same sex, and is sufficient corroborating evidence.

We think this contention is unsound. Taking as true the words attributed to defendant by the witness, they do not meet the legal test of corroboration—do not, independent of the accomplice's evidence, lead to an inference either that a crime had been committed or that defendant had committed it. It may be that such expressions of affection would seem unusual; but they can hardly be said to be unnatural, or criminal, in view of defendant's years of association with the boy as a teacher and friend.

Another part of this sister's testimony is relied on for corroboration. She testified that soon after she had defendant arrested, she took her brother to the jail and there confronted defendant; that ''a statement was read''

(it was not put in evidence) accusing defendant of the crime; that he burst into tears and said: "Roger [the boy], why did you 'do this to me," She said defendant did not deny it, but on cross-examination she was asked if defendant did not say: "Why don't you tell the truth?"; and answered she didn't remember hearing that.

The State invokes what may be called the rule of admissions by silence, which has been applied in a number of our cases. *Winfree v. State,* 174 Tenn. 72, 123 S.W.2d 827; *Camper v. State,* 187 Tenn. 511, 514-515, 216 S.W.2d 18; *Cf. Jones v. State,* 184 Tenn. 128, 196 S.W.2d 491 (rule does not apply in a judicial proceeding).

█ The gist of this rule is that when a statement is made accusing one of crime and he "makes no denial of the accusation by word or gesture" (*Camper v. State,* supra), both the statement and the fact of his failure to deny it are admissible as evidence of his acquiescence in its truth (*Winfree v. State,* supra).

And the State relies on *Winfree v. State,* supra, where it was held that the failure of the accused to deny the accusation was admissible in evidence as an admission of guilt and was sufficient corroboration of the evidence of the accomplice to support a conviction.

█ We think that rule does not apply to the case before us. The conduct of the accused in this case cannot, in our opinion, be construed as silence or acquiescence in the truth of the charge. He protested, and asked the boy: "Why did you do this to me?", which may fairly be taken as a repudiation or denial of the charge. Especially is this true in view of the testimony of the sister on cross-examination that she did not remember hearing the accused ask the boy: "Why don't you tell the truth?"

■ It is recognized in all our cases that this rule of admission by silence "should be applied with circumspection" (*Winfree v. State,* supra, 174 Tenn. 75, 123 S.W.2d 827), and that such evidence "should always be received with great caution" (*Camper v. State,* supra, 187 Tenn. 514, 216 S.W.2d 20.).

For these reasons we think there was not sufficient corroboration of the evidence of the accomplice to support a conviction; and that the judgment should be reversed and the case remanded for a new trial; and if the District Attorney cannot produce adequate corroboration, he should nolle the case as indicated in *Sherrill v. State,* supra.