# EDWARD L. DAVIS, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

Court of Criminal Appeals of Tennessee. April 3, 1969.

Certiorari Denied by Supreme Court June 16, 1969.

Jack Vaughan, Johnson City, for plaintiff in error.

George F. McCanless, Atty. Gen. of Tenn., Lance D. Evans, Asst. Atty. Gen., Nashville, Lewis W. May, Dist. Atty. Gen., Mountain City, for defendant in error.

## OPINION

WALKER, Presiding Judge.

The defendant below, Edward L. Davis, was con-

victed of a crime against nature by engaging in fellatio with a fourteen-year-old boy and was sentenced to five years in the penitentiary.

■ Although the validity of the indictment has not been questioned, we have considered it to determine jurisdiction. The record shows that on the first day of the January term, 1967, of Criminal Court for Washington County, Honorable R. C. Campbell, whom this court judicially knows to be a retired circuit judge, sat by interchange for the regular judge. The only witness before the grand jury testified on that date, January 9, 1967, but the indictment was not returned until January 12, 1967. Judge Campbell also signed the minutes on that day. Retired judges do not sit by interchange with regular judges, but T.C.A. Sec. 17-323 authorizes the Chief Justice of the Supreme Court to assign them. The State concedes that nothing in the record shows that this retired judge was designated by the Chief Justice.

■ We hold that Judge Campbell was a *de facto* judge here. The general rule is that a *de facto* judge may organize a grand jury and his authority is not open to question by persons indicted by a grand jury so organized. See Ridout v. State, 161 Tenn. 248, 30 S.W.2d 255, 71 A.L.R. 830; 38 Am.Jur.2d, Grand Jury, Sec. 9, P. 953; Wharton's Criminal Law and Procedure, Sec. 1687, Vol. 4, P. 429.

■ Since Judge Campbell was a *de facto* judge, the grand jury he organized was legally constituted and was clothed with full power to present valid indictments. This indictment found by it is therefore, valid.

This is the second trial of the case, the first having

resulted in a mistrial because the jury was unable to agree.

The State's proof showed that on July 18, 1966, at about 10:30 A.M., the boy's mother took him to Boone Lake in Washington County and left him to fish there. In a white Falcon automobile nearby, they both noticed a man whom the body identified as the defendant.

The defendant invited the boy to fish with him, but he declined because he had previously been successful at another spot on the lake. About twenty or thirty minutes later, the defendant came to the place the boy was fishing and began to talk to him. His conversation, at first, was unobjectionable, but he later asked obscene questions and made lewd suggestions. The defendant talked for a period of about an hour offering the boy some of his fishing equipment and money to engage voluntarily in unnatural sexual acts. The boy says that he was frightened and stalled; that the defendant became angry, picked up the boy's sheath knife and threatened to cut off his ears and to kill him if he did not accompany the defendant into the nearby woods. With the knife the defendant forced the boy to go there and twice to engage in the act of fellatio.

After the act the defendant gave the boy his handkerchief when he cried. The boy asked about the fishing equipment he had been promised, but the defendant told him he was going to Chicago and would need it. He gave the boy one dollar and left.

At about this time, the boy's mother came for him. When he returned to her car, he was crying and told her what had happened.

In the latter part of August, the boy says he recognized the defendant in a supermarket and took the license number on a 1956 Chevrolet which the defendant was driving then. The warrant was sworn out December 31, 1966. The boy's mother testified that the defendant is the man she saw at the lake.

The defendant did not testify or offer any proof.

The defendant contends that the boy was an accomplice and his testimony is uncorroborated.

■■■■ The general rule is that one indicted for crime against nature by engaging in fellatio may not be convicted on the uncorroborated testimony of an accomplice. Boulton v. State, 214 Tenn. 94, 377 S.W.2d 936. If the crime is consummated, both parties consenting thereto, each is an accomplice of the other and neither can be convicted on the uncorroborated testimony of the other. When, however, the crime is committed without or against the consent of the pathic party, he is not an accomplice; and a conviction may be had upon his testimony alone. Whether he consented so as to render him an accomplice is a question for the jury to decide. See 81 C.J.S. Sodomy § 6(2), P. 379. The boy's testimony was relevant on the question of whether or not he consented. Although he asked for the fishing gear promised earlier, he testified to the force used by the defendant to make him participate after he had refused voluntarily to engage in it. The fact that he subsequently tried to obtain some fishing equipment does not necessarily mean that he consented. The jury was warranted in finding that he did not consent and was not an accomplice. This assignment is overruled.

■ The defendant says that the court erred in allowing, over his objection, the sheriff to testify that he had arrested him on other charges. The sheriff testified that he had been to the defendant's home on another charge and had left word for him to come to the sheriff's office. The trial judge promptly held the statement about another charge inadmissible and instructed the jury to disregard it. The district attorney general then asked no questions about it. Defense counsel developed the fact that the charge was for a bad check and defendant's wife paid it. We do not think the defendant was prejudiced and, in any event, the trial judge cured any error in the sheriff's statement by his prompt action.

Under this assignment the defendant also argues that the identification of the defendant in the sheriff's office December 31, 1966, was improper. The decisions of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.E.2d 1149, and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.E.2d 1178, are not applicable. The in-court identification was not the result of this confrontation. The boy had previously been with the defendant for several hours and had identified him at the supermarket in August.

■ ■ The defendant says that the evidence preponderates in favor of his innocence and against his guilt. The verdict of the jury, approved by the trial judge, accredits the testimony of the witnesses supporting the verdict, resolves all conflicts in favor of the theory of the state, displaces the presumption of innocence and raises a presumption of guilt. A conviction will not be reversed on the facts unless the defendant shows that the evidence preponderates against the verdict and in favor

of his innocence. Pryor v. State, 217 Tenn. 695, 400 S.W.2d 700. This he has not done, and this assignment is overruled.

The judgment of the lower court is affirmed.

GALBREATH, J., did not participate in this case.

OLIVER, J., concurs.