Gerald GABLE, Plaintiff-in-Error,

v.

STATE of Tennessee, Defendant-in-Error.

Court of Criminal Appeals of Tennessee.

Aug. 22, 1974.

Certiorari Denied by Supreme Court
Jan. 13, 1975.

J. Reed Dixon, Sweetwater, for plaintiff in error.

Milton P. Rice, Atty. Gen., Tom P. Jennings, Asst. Atty. Gen., Nashville, Richard Fisher, Dist. Atty. Gen., Cleveland, for defendant in error.

## OPINION

GALBREATH, Judge.

The issue in this appeal from plaintiff in error's conviction in the Criminal Court of McMinn County narrows itself to the sufficiency of the corroboration of an alleged accomplice's testimony.

All but one facet of the proof as detailed by the accomplice and the defendant and two witnesses called on his behalf match. There is no dispute as to any of the proof except whether or not the defendant participated in the removal and theft of four wheels and a battery from an automobile parked behind a Texaco service station in Niota, Tennessee, by 17 year old Jim Nunley and a companion Wayne Givens during the late evening of June 23, 1973. The three young men and a 15 year old girl friend of the defendant's had been riding around in the juvenile's car after a ball game and eventually wound up at the Texaco station. Young Nunley testified that he and Givens approached the car and started to remove the wheels while the defendant and the girl were away in the defendant's car, but that the defendant returned while the theft was in progress and assisted in the removal of the wheels by helping jack up the car. All three of the others present, the defendant, Wayne Givens and the young girl, contend that the only part played by Gable was to lend the jack from the trunk of his automobile in which he was seated in a drunken condition with the girl after returning to the station and parking on the other side to Givens who did not explain why he wanted to borrow the tool. The only corroboration claimed by the State must be gleaned

from the following testimony of the investigative officer relating to a statement made to him by the defendant:

"He said . . . I was at the Texaco station in Niota, Tennessee. Jim Nunley and Wayne Givens wanted to borrow my jack. I was at the car asleep when they brought it back. They never did say what they wanted it for."

The substance of all the assignments of error is that the testimony of the admitted thief and alleged accomplice was not sufficiently, if at all, corroborated.

■ The rule in this State that binds us in this case has been repeatedly stated by our Supreme Court to be:

"The degree of evidence which shall be deemed sufficient to corroborate the testimony of the accomplice is for the determination of the jury. The law is complied with if there is some other evidence fairly tending to connect the defendant with the commission of the crime, so that his conviction will not rest entirely upon the evidence of the accomplice." Clapp v. State, 94 Tenn. 186, 30 S.W. 214. Sherrill v. State, 204 Tenn. 427, 321 S.W.2d 811.

■ To sustain the conviction, therefore, we must find some proof other than the accomplice's testimony which tends to connect the defendant with the actual commission of the theft. The facts relied on by the State are exculpatory in the light received. If the defendant drove into the service station parking area while unknown to him his two erstwhile companions were trying to remove wheels from another automobile parked nearby, the fact that they came to his car and borrowed his jack to accomplish the theft in no way implicates him in the crime. The corroboration goes no further than this. Nothing, other than the accomplice's testimony, does more. We feel the correct rule is found in Underhill's Criminal Evidence, Fifth Edition, § 184, in the statement:

"Where the facts relief on for corroboration are consistent with the innocence of accused, there is no corroboration, although it has been held that such facts need not be wholly inconsistent with innocence."

■ If the defendant, who testified at length in support of his innocence, as did the two other young people with him the evening of the crime, had sought to deny that his jack was used, or that he had been in the company of the thieves shortly before and after the crime, then proof to the contrary, even if only slightly tending to connect him with the crime, would have been strongly corroborative of his guilt. The fact that all of the proof from every witness corroborated the defendant except the single instance of his assisting in jacking up the victim's automobile as related by young Nunley, is quite consistent with his position.

For example, the defendant in Boulton v. State, 214 Tenn. 94, 377 S.W.2d 936, made statements, according to a witness, corroborating everything said about him and his relationship with the accomplice except the commission of the crime for which he was convicted on the testimony of his young alleged accomplice. He made declarations of his love for the child to witnesses; he was admittedly his teacher; he made no secret of his taking the boy places; and upon being accused by the child burst into tears and said, "Roger, why did you do this to me?" In reversing Boulton's conviction the Court noted:

"She testified that defendant had formerly been the boy's grade teacher in school at Carthage, and that for some two or three years he had been taking the boy, along with the latter's brother and defendant's niece, on swimming parties to Horn Springs and other places, and that once or twice he took the boy and the boy's brother to a Christmas parade in Nashville; and that on one occasion when her mother would not let the

boy go with defendant he said to the witness: 'I think more of him'—'I wouldn't do a thing to harm him,' 'I would do anything for him,' 'I love him just like he was mine.'

"The State relies on the this [sic] testimony of Mrs. Grisham as to defendant's association with the boy and the trips they had taken together as circumstances corroborating the testimony of the boy, the accomplice. We think this argument is unsound. This evidence, at most, merely tended to cast suspicion on the accused, or to show an opportunity to commit the crime, but was consistent with his innocence.

"Evidence which merely casts a suspicion on the accused or only shows he had an opportunity to commit the crime, is legally insufficient to corroborate the testimony of the accomplice. Binnion v. State (opinion by Mr. Special (now Associate) Justice Weldon B. White), 264 S.W.2d 795, 796; Roberd v. State, 161 Tex.Cr.R. 188, 276 S.W.2d 270, 271; State v. Vigil, 123 Utah 495, 260 P.2d 539, 541." Boulton v. State, *supra*.

If Boulton had denied his association with the alleged victim, then proof that he had taken the child to the place the crime was supposed to have taken place would have constituted, in our opinion, sufficient corroboration of the boy's testimony since it would have been obvious to a jury that such denials were untrue. But when there was no denial of activity which in and of itself is innocent, then the proof that such activity occurred does not corroborate an accomplice who goes further and says criminal activity also occurred. Many motorists let others use jacks from their automobiles without assisting the borrower in committing crime.

Finding the corroboration of the alleged accomplice insufficient under the rules laid down by our Supreme Court, we must reverse the judgment and recommend dismissal if no other proof is available.

OLIVER, J., concurs.

DWYER, J., dissents in separate opinion.

DWYER, Judge (dissenting).

I disagree.

The convicted juvenile accomplice, Nunley, related that the defendant gave to him and Givens a jack with which to take the wheels off the car. He further stated that the defendant was present at the time they removed the wheels and helped them in the process.

The investigating officer, testifying for the state, related that defendant in response to his interrogation after being fully advised, made a statement:

"He said that Friday night after midnight, in other words, Saturday morning, it would be 6-23-73, I was at the Texaco station in Niota, Tennessee. Jim Nunley and Wayne Givens wanted to borrow my jack. I was at the car asleep when they brought it back. They never did say what they wanted it for."

I think that this statement is adequate and provides sufficient circumstances for corroboration. See State v. Fowler, 213 Tenn. 239, 247, 373 S.W.2d 460, 463. The weight of the statement is for the jury. It definitely connects the defendant with the crime by his acknowledgment of the use by Nunley of the jack. See Williams v. State, 216 Tenn. 89, 101, 390 S.W.2d 234. It is sufficient, even though it is slight and though standing alone, it would be inconclusive. See Williams v. State, supra at p. 101, 390 S.W.2d 234. The statement, in short, supplies corroboration inasmuch as: (1) it connects him with the crime by his furnishing "the use of the jack"; and (2) it puts him at the scene of the crime. See Wharton's Criminal Evidence, 13th Ed., Vol. 3, § 649, Corroboration. In short, ei-

ther (1) or (2) itself would be sufficient corroboration but (1) and (2) together amount to corroboration on corroboration.

Boulton v. State, 214 Tenn. 94, 377 S. W.2d 936, is readily distinguishable from this case for in *Boulton* there was absolutely no proof any crime was committed *other* than the word of the accomplice. It exemplifies the rule of law in this state that the accomplice's testimony must to some extent be corroborated. With this I have no argument. For under the facts of this case, the *crime* is evident and the culpability of the defendant as to his participation in this crime was a jury question.

It may be true, although not found in this record, that many motorists loan jacks to others without assisting the borrower in committing crime. However, the defendant's testimony that he was drinking and did not know why they borrowed the jack was for the jury to accept or reject. They have rejected his explanation. I would affirm this judgment.