The State of Ohio, Appellee, *v.* Levert, Appellant.

(No. 78-1083—Decided May 23, 1979.)

214

*Mr. John T. Corrigan*, prosecuting attorney, and *Mr. De Louis Broughton*, for appellee.

*Stanley L. Josselson Co., L. P. A., Mr. Stanley L. Josselson*, and *Ms. Audrey Popil*, for appellant.

*Per Curiam.* Appellant avers that the compulsory process clause of Section 10 of Article I of the Constitution of Ohio guarantees him the right to have the jury hear the results of his polygraph examination. In essence, we are urged to extend the holding in *State* v. *Souel* (1978), 53 Ohio St. 2d 123, 372 N. E. 2d 1318, wherein the prerequisites for the admissibility of polygraph evidence are set forth. We are unconvinced that a departure from the safeguards enumerated in *Souel* is required or would be wise at this time.

Appellant contends further, without citing supporting authority, that the exclusion of his polygraph expert's testimony at trial violated the compulsory process clause of the Sixth Amendment to the United States Constitution. However, our research discloses no authority from which a violation of appellant's Sixth Amendment rights, under the instant circumstances, can or should be found. *Cf. Washington* v. *Texas* (1967), 388 U. S. 14.

Appellant argues also that the trial court committed prejudicial error in allowing the hearsay testimony of Kaminsky. We agree with the Court of Appeals that this testimony was erroneously admitted. See *State* .v. *Davis* (1967), 10 Ohio St. 2d 136, 226 N. E. 2d 736; *Jones* v. *State* (1946), 184 Tenn. 128, 196 S. W. 2d 491.* However, upon a

---

*See, also, 4 Wigmore on Evidence 125 (Chadbourn Rev.), Section 1072; Notes, Tacit Criminal Admissions, 112 U. Pa. L. Rev. 210, 244-245.

216

review of the entire record of the cause, the error is clearly harmless beyond a reasonable doubt. See *Schneble v. Florida* (1972), 405 U. S. 427; *Chapman v. California* (1967), 386 U. S. 18; *State v. Bayless* (1976), 48 Ohio St. 2d 73, 357 N. E. 2d 1035 (paragraph seven of the syllabus).

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.