JOURNAL ENTRY AND OPINION
This appeal is brought by defendant-appellant Joseph Turnage ("defendant") based upon the trial court's denial of his Motion to Withdraw Guilty Plea and the sentence subsequently entered. On November 2, 2000, the defendant was indicted for Rape in violation of R.C. 2907.02; Gross Sexual Imposition in violation of R.C. 2907.05; Kidnapping in violation of R.C. 2905.01 with sexual motivation specification; and Felonious Assault in violation of R.C. 2903.11 with sexual motivation specification.
On March 14, 2001, in the midst of trial, the defendant informed the court that he wished to change his plea. The defendant withdrew his previous plea of not guilty and entered a plea of guilty to the amended charge of Sexual Battery in violation of R.C. 2907.03, a third-degree felony. Pursuant to the plea agreement, the remaining counts against the defendant were nolled. The trial court found the defendant guilty and set sentencing for April 11, 2001.
Shortly thereafter, the defendant wrote a letter post-marked March 22, 2001, in which he informed the court that he wished to change his plea to not guilty. On April 11, 2001, defense counsel filed a Motion to Withdraw Guilty Plea pursuant to Crim.R. 32.1. The defendant then retained new counsel and filed his Supplemental Motion to Withdraw Guilty Plea on May 4, 2001.
The trial court denied the motion after a hearing held on June 5, 2001 and proceeded to sentence the defendant on June 13, 2001, to two years of incarceration pursuant to R.C. 2929.11. For the reasons that follow, we affirm.
At trial, the testimony demonstrated that on the evening of October 21, 2000, the victim and three of her friends attended a concert at the Agora in Cleveland, Ohio. At some point the victim found herself outside the concert hall and separated from her friends. The victim sought refuge in a nearby church where she met a woman and requested the use of a telephone. The victim was instructed to wait while the service concluded and then the victim accompanied the woman to an office where she attempted to contact assistance. The victim was unsuccessful and the woman suggested that she take a bus back to a familiar city.
The woman arranged for three young men, who the victim recognized as having attended the service, to drive her to the bus station and informed the victim "These are nice boys. They can take you to the bus station or back to the Agora." The victim testified that she went with the men and once their vehicle began moving the man in the back seat with her began the attack. The victim testified that she was then taken to an abandoned apartment where she was raped by the defendant in the presence of the other two young men. She was then driven to another location and pushed out of the vehicle.
The defendant's first assignment of error is as follows:
 THE TRIAL COURT ERRED AS A MATTER OF LAW AND TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT REFUSED TO ALLOW HIM TO WITHDRAW HIS PLEA PRIOR TO SENTENCING, THEREBY VIOLATING HIS DUE PROCESS RIGHTS UNDER THE UNITED STATES AND OHIO CONSTITUTIONS.
Crim.R. 32.1 provides as follows:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
Although a motion to withdraw a guilty plea filed prior to sentencing should be freely allowed, our review on appeal is limited to whether the trial court abused its discretion when it denied the defendant's motion to withdraw guilty plea regardless of whether it was filed before or after sentencing. State v. Peterseim (1980) 68 Ohio App.2d 211,428 N.E.2d 863, paragraph one of the syllabus. An abuse of discretion is more than an error of judgment and we must find that the trial court acted unreasonably, arbitrarily or unconscionably in its ruling. Statev. Xie (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715, 719. The defendant is not afforded an absolute right to withdraw his guilty plea prior to sentencing and the decision to grant or deny a motion to withdraw the guilty plea is within the trial court's discretion. State v. Xie,
syllabus.
The defendant relies upon State v. Cuthbertson (2000),139 Ohio App.3d 895, and states that this court should review the trial court's decision to deny his motion based upon its reasoning. However,Cuthbertson provides only persuasive authority at best. In Peterseim,
this court determined that the following test is applied:
 A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim. R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.
Peterseim, paragraph two of the syllabus. See also, State v. Tayeh
(Feb. 28, 2002), Cuyahoga App. No. 79464.
On the third day of trial and following the testimony of the victim, the defendant entered his guilty plea. The prosecutor stated to the trial court that the defendant would plead to the lesser offense of Sexual Battery, R.C. 2907.03, a third-degree felony, punishable by a possible term of "1, 2, 3, 4, or 5 years imprisonment and/or a fine not to exceed the sum of $10,000." In exchange, the State nolled the remaining counts against the defendant and dismissed the case pending against Danny Turnage, the defendant's younger brother.
Defendant's counsel stated on the record that this was also his understanding of the plea agreement, that he had engaged in numerous conversations with the defendant and his family and that the defendant would be making a knowing and voluntary plea to the count of Sexual Battery.
Thereafter the following exchange took place:
 THE COURT: Mr. Turnage, have you heard what your attorney and the prosecutor have said?
THE DEFENDANT: Yes.
 THE COURT: Do you have any questions regarding the proposed plea agreement?
THE DEFENDANT: No.
THE COURT: How old are you?
THE DEFENDANT: Just turned 20.
THE COURT: How far did you go in school?
THE DEFENDANT: Graduated.
 THE COURT: Are you presently under the influence of drugs, alcohol or medication?
THE DEFENDANT: No.
THE COURT: Are you undergoing psychiatric treatment?
THE DEFENDANT: No.
 THE COURT: What your attorney and the prosecutor have said is only a statement of what is intended to be done here this morning. No guilty plea can be effective until you state the plea yourself in open court and I accept the plea.
 Before I ask you to enter a plea, I must by law ask you a series of questions to determine if you understand the effect of your plea and to determine whether your plea is made knowingly, voluntarily and intelligently.
 It's my duty to advise you that if you plead guilty to count one as amended, sexual battery, in violation of Revised Code Section 2907.03, that's a felony of the third degree, carries a potential penalty of anywhere from one to five years in prison in annual increments and/or a fine of up to $10,000.
 Prison time is not mandatory, but if you go to prison, that's actual time. There's no good time credit under the law anymore.
 Likewise, if you go to prison and are released, you could be subjected to up to three years of post-release control. That would involve certain restrictions on your activities. If you violate those restrictions, you could be returned to prison for up to one-half of the originally stated term.
Do you understand that?
THE DEFENDANT: Yes.
 THE COURT: Do you understand if you plead guilty, Mr. Turnage, that's an admission by you that you did this crime? Do you understand that?
THE DEFENDANT: Mm-hmm.
THE COURT: Is that a yes ?
THE DEFENDANT: Yes.
(TR. 200-203.)
The court further informed the defendant that at the time of sentencing a hearing would be held regarding registration requirements as he could be deemed a sexually-oriented offender. The court informed the defendant of his constitutional rights and the defendant answered that he understood those rights.
 THE COURT: Have any threats or promises been made to you to induce this plea?
THE DEFENDANT: No.
THE COURT: Are you satisfied with your lawyer?
THE DEFENDANT: Yes.
THE COURT: Are you on probation or parole presently?
THE DEFENDANT: No.
 THE COURT: Having said all that, how do you plead to count one as amended, sexual battery, a felony of the third degree?
THE DEFENDANT: Not guilty. I want to take this trial.
 (Thereupon, a discussion was had between defense counsel and the defendant off the record.)
THE DEFENDANT: Guilty. Guilty.
 THE COURT: Okay. You are pleading guilty to the amended indictment sexual battery? Do you understand that?
THE DEFENDANT: Yes.
* * *
THE COURT: Do you have any questions?
THE DEFENDANT: No.
 THE COURT: I don't want anybody coming back here in a week saying, We didn't understand anything.
 MR. CAFFERTY: Right. You understand what you are doing? You're pleading guilty to the sexual battery, right?
THE DEFENDANT: Yes.
 THE COURT: Let the record reflect the defendant has pled guilty. The Court accepts that plea, finds it was knowingly, voluntarily and intelligently. Counsel are you satisfied?
MR. CAFFERTY: Absolutely, your honor.
(TR. 205-207.)
In his motion and on appeal, the defendant argues that his guilty plea was not voluntary, knowing and intelligent and that he was induced, intimidated and/or coerced into entering the plea. The defendant argues that at the time of the guilty plea he was confused; misunderstood the nature of the charge against him; was not informed of the maximum penalty; and that he was innocent.
First, we address the defendant's contention that his plea was not voluntary, knowing and intelligent as he was not informed that he was subject to a mandatory five years of post-release control. In Woods v.Telb (2000), 89 Ohio St.3d 504; 733 N.E.2d 1103, the Ohio Supreme Court held "[p]ursuant to R.C. 2967.28(B) and (C), a trial court must inform the defendant at sentencing or at the time of a plea hearing that post-release control is part of the defendant's sentence." Woods,
paragraph two of the syllabus.
A review of the transcript reveals that prior to accepting the guilty plea the court informed the defendant that he was subject to up to threeyears of post-release control and that if he violated certain restrictions that he could be returned to prison for up to one-half of the original term. (TR. 202.) At the sentencing, the court informed the defendant that he was subject to 3 to 5 years post-release control which involved restrictions of his activities and if those restrictions were violated he could be returned to prison for up to one-half of his original sentence. (TR. 357.)
We find that the court complied with its obligations under R.C.2967.28(B), R.C. 2943.032 and 2929.19, in that it duly informed the defendant of post-release control.
On April 25, and May 7, 2001, the court held a hearing on the motion and heard the testimony of the defendant, the defendant's mother, the defendant's former teacher, the victim's mother, and the attorney who represented the defendant at trial. The trial court stated that it considered the matter in great detail including its review of the sentencing transcript and the testimony of the witnesses presented in support of defendant's application. (TR. 337.) The trial court afforded the defendant a full Crim.R. 11 hearing and repeatedly questioned the defendant as to his sureness and understanding of the charge and penalties. (TR. 337-339.) Further, the court considered the evidence of the victim's courtroom identification of the defendant as the person who committed the offense. (TR. 339.)
In keeping with the factors delineated in Peterseim, the defendant was represented at trial by highly competent counsel who testified that he had practiced as a criminal defense attorney for eight years and as a prosecutor for six years. (TR. 295.) The trial court afforded the defendant a Crim.R. 11 hearing prior to his entering the guilty plea. After the motion was filed, the court held a complete and impartial hearing wherein it heard and carefully considered testimony and documentary evidence.
Next, defendant argues that throughout the proceedings he maintained his claim of innocence and that he was coerced into entering the plea agreement with the State. In State v. Zaid Abdelhaq (Jul. 31, 1997), Cuyahoga App. No. 71136, unreported at 10-11, this court held:
 Further, defendant's protestations of innocence are not sufficient, however frequently repeated, to warrant grounds for vacating a plea knowingly entered. State v. McGowan (Oct. 3, 1996), Cuyahoga App. No. 68971, unreported; State v. Kandiko (Feb. 9, 1995), Cuyahoga App. No. 66888, unreported; State v. Frank (April 29, 1993), Cuyahoga App. No. 62201, unreported. By inference, all defendants who request a withdrawal of their guilty plea do so based upon some claim of innocence. A mere change of heart regarding a guilty plea and the possible sentence is insufficient justification for the withdrawal of a guilty plea. State v. Drake (1991), 73 Ohio App.3d 640, 645, 598 N.E.2d 115; State v. Lambros (1988), 44 Ohio App.3d 102, 103, 541 N.E.2d 632.
Under the circumstances, it is axiomatic that defendant would proclaim his innocence of the offense. However, this is not sufficient to warrant the withdrawal of a guilty plea where there is no evidence that the defendant did not enter his plea voluntarily, knowingly and intelligently.
As evidence that he was coerced, the defendant points out his statement to the court "not guilty. I want to take this to trial." and that in the ensuing off-the-record discussion his attorney was "mad" at him and called him "stupid." However, the record does not support this.
 THE COURT: * * * The Court recognizes during the — during that hearing the defendant at one point indicated he wanted to take this matter to trial, at which point there was a discussion off the record between the defendant and his attorney * * *.
 There was testimony by the defendant and the defendant's mother that voices were raised and arms were frailing or flailing.
 This Court was present during that off discussion — off-the-record discussion. Excuse me. There was no voices raised.
(TR. 338).
We find that the trial court did not act "unjustly or unfairly" or abuse its discretion when it denied defendant's motion to withdraw his guilty plea. Peterseim, supra, at 213-214; Xie, supra, at 526. Prior to accepting the guilty plea, the trial court extensively questioned the defendant and determined that the guilty plea was made voluntarily, knowingly and intelligently and that he understood the charge of sexual battery and its consequences if convicted of the charge. There is no indication that the defendant was confused or coerced into entering the guilty plea. Accordingly, the defendant's first assignment of error is overruled.
Defendant's second assignment of error is as follows:
 THE DEFENDANT-APPELLANT'S CONSTITUTIONAL RIGHTS TO DUE PROCESS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 10, OF THE UNITED STATES CONSTITUTION WERE UNDULY PREJUDICED BY THE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
In Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, the Court established a two-part test for consideration in addressing claims of ineffective assistance of counsel:
 * * * First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.
In State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, the court held:
 Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v. Washington [1984], 466 U.S. 668, followed.)
 To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.
Id. paragraphs two and three of the syllabus.
In the instant case the defendant has not presented evidence of his trial counsel's alleged inefficiencies or errors. His trial counsel testified at the motion hearing that prior to the entrance of the guilty plea, he had the benefit of hearing the testimony of the State's witnesses,[1] the victim's testimony and the opportunity to review the victim's written statement. (TR. 283.) In fact, his counsel negotiated an advantageous plea agreement with the State for his client, which included a lesser charge as amended in count one, the dismissal of the remaining charges and the dismissal of charges against the defendant's brother as well. The defendant contends that he was not reasonably represented as he met with his counsel only once while being held in jail. However, we note that he also met with his counsel at each of the seven pretrials held in this matter. Additionally, his counsel discussed the plea agreement with the defendant's family. (TR. 291.)
It is the defendant's burden to prove the ineffectiveness of his counsel as in Ohio properly licensed attorneys are presumed to be competent. State v. Jackson, supra, at 111; See State v. Calhoun, supra,
at 289. "In reviewing a claim of ineffective assistance of counsel, it must be presumed that a properly licensed attorney executes his legal duty in an ethical and competent manner." State v. Girts (Nov. 22, 2000), Cuyahoga App. No. 77386, unreported at 12-13, citing, State v.Drake (Mar. 30, 2000), Cuyahoga App. No. 76072, unreported at 7-10; Statev. Smith (1985), 17 Ohio St.3d 98, 477 N.E.2d 1128; Vaughn v. Maxwell
(1965), 2 Ohio St.2d 299, 209 N.E.2d 164.
A review of the evidentiary documents submitted to this court does not show or tend to prove ineffective assistance of counsel or that the defendant suffered any prejudice by counsel. The defendant's second assignment of error is overruled.
The defendant's third assignment of error is as follows:
 THE TRIAL COURT ABUSED ITS DISCRETION BY SENTENCING THE DEFENDANT-APPELLANT TO TWO YEARS OF IMPRISONMENT FOR A FELONY OF THE THIRD DEGREE INSTEAD OF COMMUNITY CONTROL SANCTIONS, AS PERMITTED BY R.C. 2929.13(B)(2).
The defendant argues that the trial court abused its discretion when it imposed a two-year prison term rather than community control sanctions because he did not commit the worst form of the offense or pose a likelihood of re-offending. Pursuant to R.C. 2929.14, the court could have sentenced the defendant to imprisonment for a term between one and five years.
In the record, the court stated that to sentence the defendant to the shortest term of one year would demean the seriousness of the crime as required by R.C. 2929.14(B). (TR. 355.) See State v. Edmonson (1999),86 Ohio St.3d 324, 715 N.E.2d 131. The court considered the appropriateness of imposing community control sanctions pursuant to R.C.2929.13, however, it specifically found that this would also demean the seriousness of the offence. (TR. 355.) The court noted the enormous psychological and physical harm that the victim suffered. (TR. 355.) We find no abuse of discretion in the sentencing of the defendant. The defendant's third assignment of error is not well-taken.
The defendant presents the following fourth assignment of error for our review:
 THE TRIAL COURT ERRED AS A MATTER OF LAW AND TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT REFUSED TO CONSIDER THE TESTIMONY AND REPORT OF A POLYGRAPH EXAMINER DURING THE SENTENCING HEARING.
The defendant argues that the polygraph examination results would have exonerated him of the offenses for which he was charged and that the trial court should have considered all relevant evidence of the defendant's innocence.
It is well settled that "[T]he admission or exclusion of relevant evidence is within the sound discretion of the trial court. State v.Sage (1987), 31 Ohio St.3d 173, 510 N.E.2d 343, paragraph two of the syllabus; State v. Jackson (2001), 92 Ohio St.3d 436, 751 N.E.2d 946. Absent an abuse of discretion, we will not overturn the trial court's ruling. State v. Martin (1985), 19 Ohio St.3d 122, 129, 483 N.E.2d 1157;State v. Heyward (Sep. 14, 2000), Cuyahoga App. No. 76838, unreported.
The defendant relies on R.C. 2929.19(A)(1) to argue that the court should have permitted the introduction of the testimony and report of the polygraph examiner. However, R.C. 2929.19(A)(1), acknowledges that the information presented must first be approved by the court.
 * * * At the hearing, the offender, the prosecuting attorney, the victim or the victim's representative in accordance with section 2930.14 of the Revised Code, and, with the approval of the court, any other person may present information relevant to the imposition of sentence in the case. * * *
R.C. 2929.19(A)(1). (Emphasis added.)
Although the defendant requested that this information be considered at the sentencing hearing, it is within the trial court's discretion to admit this type of evidence.
 The trial court can not admit the results of a polygraph test into evidence simply at an accused's request. State v. Levert (1979), 58 Ohio St.2d 213, 12 O.O. 3d 204, 389 N.E.2d 848. Such results are admissible only if both the prosecution and defense jointly stipulate that an accused will take a polygraph test and that the results will be admissible. State v. Souel (1978), 53 Ohio St.2d 123, 7 O.O. 3d 207, 372 N.E.2d 1318.
State v. Jamison (1990), 49 Ohio St.3d 182, 190, 552 N.E.2d 180,188.
The State did not stipulate to the entry of polygraph test results, nor did the defendant attempt to present this evidence prior to the sentencing hearing. Further, "[p]olygraph tests are generally not admissible to establish guilt or innocence of an accused because the tests have not attained scientific or judicial acceptance as an accurate and reliable means of ascertaining truth or deception." State v. Malin
(Aug. 26, 1993), Cuyahoga App. No. 65098, unreported at 6. See also,State v. Collier (Jul. 16, 1998), Cuyahoga App. Nos. 73893, 73894, unreported at 2.
The trial court did not abuse its discretion when it excluded the testimony and report of the polygraph examiner in this case. Therefore, defendant's fourth assignment of error lacks merit and is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., AND PATRICIA ANN BLACKMON, J., CONCUR.
[1] Among the State's witnesses was St. Vincent Charity Hospital emergency room physician Berta Briones, who testified as to the victim's examination and injuries which included sprain in the right thumb, occult fracture in the right wrist, bruises to both breasts and thighs, and tenderness and swelling in the victim's lower belly and genital area.