OPINION
On April 13, 2001, the Licking County Grand Jury indicted appellant, Marie Diblasio, on six counts. Relevant to this case is Count One, possession of crack cocaine in violation of R.C. 2925.11. A jury trial commenced on said charge on July 9, 2001. During trial, appellant sought to introduce evidence of her polygraph examination conducted by Cindy Erwin. Appellee, the State of Ohio, objected. The trial court ruled the evidence inadmissible. The jury found appellant guilty. By judgment entry filed July 10, 2001, the trial court sentenced appellant to three years in prison.
Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN EXCLUDING ALL TESTIMONY CONCERNING THE POLYGRAPH EXAMINATION ADMINISTERED TO THE DEFENDANT-APPELLANT HEREIN.
 I
Appellant claims the trial court erred in sua sponte denying Ms. Erwin's testimony concerning the results of her polygraph examination. We disagree.
Appellant challenges the fact that the trial court did not afford her a hearing on the admissibility of the evidence pursuant to Daubert v.Merrell Dow Pharmaceuticals, Inc. (1993), 509 U.S. 579. In finding the evidence inadmissible, the trial court specifically relied on the well established case law in Ohio and in this appellate district:
 (1) The prosecuting attorney, defendant and his counsel must sign a written stipulation providing for defendant's submission to the test and for the subsequent admission at trial of the graphs and the examiner's opinion thereon on behalf of either defendant or the state.
 (2) Notwithstanding the stipulation, the admissibility of the test results is subject to the discretion of the trial judge, and if the trial judge is not convinced that the examiner is qualified or that the test was conducted under proper conditions he may refuse to accept such evidence.
 State v. Souel (1978), 53 Ohio St.2d 123, paragraphs one and two of the syllabus.
 The trial court can not admit the results of a polygraph test into evidence simply at an accused's request. State v. Levert (1979), 58 Ohio St.2d 213. Such results are admissible only if both the prosecution and defense jointly stipulate that an accused will take a polygraph test and that the results will be admissible. State v. Souel (1978), 53 Ohio St.2d 123.
 State v. Jamison (1990), 49 Ohio St.3d 182, 190.
 Evidence of a polygraph examination is admissible only when both parties stipulate in writing to its admissibility, and the court in its sound discretion decides to accept such evidence, see State v. Souel
(1978), 53 Ohio St.2d 123. In the present case, appellant's private polygraph examiner administered the test, and, the examiner's opinion is the test indicated no deception. However, there was no stipulation between the State of Ohio and the appellant as to the result of polygraph examination.
 We find the trial court did not err in refusing to admit the results of the polygraph test.
 State v. Huntsman (December 7, 1998), Stark App. No. 98CA0012, unreported, at 13.
Appellant invites this court to revisit these established precedents and our reliance on them in the Huntsman case. We decline to do so for the following reasons.
Since Daubert, the United States Supreme Court stated that each state is free to choose to adopt a "per se" prohibition on the admissibility of polygraph examinations. United States v. Scheffer (1998), 524 U.S. 303. Further, although appellant sub judice did testify after the trial court's denial of the polygraph evidence, there is a clear danger that an examiner's opinion as to the truthfulness of an examinee could be presented without the testimony of the examinee under oath. This would subvert the standard tests for credibility and would place the examiner in the position of not only testifying on the truthfulness of the examinee, but would also permit the examiner to testify for the examinee, all of which are in clear violation of the Ohio Rules of Evidence.
Lastly, we are reinforced in our opinion by the opinions of our brethren in other appellate districts. See, State v. Brand (March 24, 2000), Hamilton App. No. C-990548, unreported; State v. Berry (June 29, 1999), Franklin App. Nos. 97AP-964 97AP-256, unreported; State v.Collier (July 16, 1998), Cuyahoga App. No. 73893, unreported.
Upon review, we find the trial court did not err in ruling the polygraph evidence inadmissible.
The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
By FARMER, J., HOFFMAN, P.J. and BOGGINS, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.